Argued January 23, decided March 31, 1908.

## PEREIRA *v.* STAR SAND CO.

[94 Pac. 835.]

TRIAL—INSTRUCTIONS—PURPOSE AND EFFECT OF EVIDENCE.

1. In a case where incompetent testimony was admitted without objection on cross-examination showing that plaintiff had consulted two other attorneys who had declined to take his case, and where an attempt was made to show that plaintiff had learned from them why he had no cause of action, to the end that the credibility of his evidence might be affected, an instruction that it was immaterial how many lawyers plaintiff visited before bringing the action, but if as a result of any visit he afterwards told a different story, and which was not true, that could be taken into consideration, but that the lawyers' views of the matter had nothing to do with the case, was properly given to eliminate the effect of the testimony as to the lawyers' opinions as to the merits of the case, and to leave for the jury's consideration so much of the testimony as might tend to influence or color plaintiff's testimony.

WITNESSES—CREDIBILITY—PRESUMPTION THAT HIS TESTIMONY IS TRUE.

2. Under the direct provisions of Section 695, B. & C. Comp., the presumption that a witness speaks the truth may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his motives.

INSTRUCTIONS.

3. The instruction was not upon an abstract proposition of law.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PLAINTIFF'S EVIDENCE.

4. Though plaintiff, in a personal injury case, is not required to show want of negligence on his part, yet, if negligence on his part is disclosed by his evidence, it will defeat his right of recovery.

TRIAL—INSTRUCTIONS.

5. The fact that plaintiff's right to recover in a personal injury case, if his evidence showed his contributory negligence, was raised at the close of the whole case by an instruction to the effect that, if it appeared from "plaintiff's case" that he was negligent, he could not recover, instead of raising the question upon a motion for a nonsuit, did not render the instruction improper, where there was nothing disclosed by the defense affecting it.

From Multnomah: ALFRED F. SEARS, Judge.

This is an action brought by Manuel Nunes Pereira against the Star Sand Co., to recover damages for personal injuries. Upon trial by a jury, a verdict was returned in favor of the defendant, and from the judgment rendered thereon, plaintiff appeals. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Henry E. McGinn.*

For respondent there was a brief over the names of *Messrs. Beach & Simon,* with an oral argument by *Mr. Jarvis V. Beach.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an action to recover damages for personal injuries. Defendant, in the course of its business, was delivering rock by boat at its dock on the Willamette River in Portland, where it was also engaged in crushing the same. The rock was removed from the flatboat by means of a derrick and hoist operated by an engine stationed on the dock, the rock being elevated in a box attached to the derrick rope by means of chains and hooks, and, when swung to the rock pile on the dock, it was part of plaintiff's duty to unhook the fastenings at one side of the box and then signal the engineer, when the hoist would dump the rock and return the box to the boat. At the time of the injury the box had been emptied and left for a short time on the rock pile, and, when the

hoist was again started, the chains had become unfastened from the box. While the derrick was being swung back for the box, plaintiff, in reaching for the swinging chains to fasten to it, was struck in the eye by one of them, causing the injury complained of. The negligence charged against the defendant as the cause of the injury was in not having a sufficient number of men to do the work properly; that the engineer had been called to do other work, and the foreman was operating the engine and derrick, as well as supervising the work on the dock. The answer denies the acts of negligence charged, and alleges affirmatively that the plaintiff assumed the risk incident to the employment, and with full knowledge thereof, and that the injury was the result of his own negligence and that of a fellow servant, all of which was denied by the reply. Upon trial by the jury a verdict was rendered for the defendant, and from the judgment thereon plaintiff appeals.

1. There are but two assignments of error, viz.: (1) Error of the court in instructing the jury as follows:

"Some matters were introduced in evidence without objection, however, and many matters were referred to in the progress of the cause, which I think it proper to eliminate from consideration at your hands. For example: * * So, too, except in one aspect, it is immaterial how many lawyers this man may have visited before bringing this case. Of course, if you believe that as a result of any visit, he told a story different from that which he first told, and a story which is not true, that, of course, would be a proper matter for consideration; but whatever may have been Mr. Munley's or Mr. Malarkey's view of the matter has nothing to do with the case one way or the other"—for the reason that "there was no testimony in the case which would allow the court to give any such instruction."

(2) Error of the court in giving the following instruction:

"If it appears from the plaintiff's case that he was guilty of contributory negligence, as I have defined that

term, of course, he cannot recover"—for the reason that "the burden of proving such contributory negligence which rested upon the defendant would be dispensed with."

As to the first assignment of error, it appeared at the trial that the plaintiff had consulted two other attorneys, namely, Judge Munley and also Dan J. Malarkey, as to the liability of the defendant to him for the injury. Upon cross-examination of the plaintiff he testified as follows:

"Q. When you went to see Judge Munley about bringing a lawsuit, * * did you tell Judge Munley the same story about how you were hurt that you have told to the jury here today?

A. I repeated to him just as I repeated here. I don't know whether he understood it or not.

Q. Didn't you tell Judge Munley, and give him altogether a different account of how this accident occurred, and he told you that you had better not bring any lawsuit, but had better go down and go to work for Mr. Minsinger, as Mr. Minsinger offered to take you back?

A. The last time that this lady went with me to see Mr. Munley he told me that I had better drop the matter, and if I wanted to proceed with the case to go to somebody else.

Q. Didn't you give Dan Malarkey a different account of how the accident occurred than the account which you have given to the jury here today?

A. I never told him all the details of my case.

Q. What did Malarkey tell you?

A. I understood from Mr. Malarkey that he did not care about my case, so I just left him.

Q. Malarkey told you that you did not have any case, did he not, under the statement you gave him of the facts?

A. He started just as though he was interested with the company and he did not care about me much.

Q. Did you tell Maria what had happened when you talked with Judge Munley and Dan Malarkey?

A. I told what Munley said to Frank, so he could talk about it to me and I to him, but I never said anything to Frank about what Malarkey said.

Q. When you went to see Judge McGinn it was after you had seen Judge Munley and after you had seen Malarkey?

A. About an hour after Munley had left me.

Q. * * Is it not a fact that when you went to Judge McGinn you had found out from talking with these other lawyers why you did not have any case against the Star Sand Co., and when you went to Judge McGinn you told him altogether a different story from what you had told the other lawyers?

A. Whatever I said to Munley I said to Mr. McGinn."

The purpose of counsel for defendant in calling out this matter in cross-examination was evidently to get before the jury facts that might tend to affect the credibility of the witness, or the weight to be given to his testimony. No objection was made to any of it at the trial, and, so far as it tended to disclose matters that might influence the witness in giving his testimony, would be competent. The opinions of the lawyers as to the merits of plaintiff's case were incompetent, and the court, realizing that fact, gave this instruction only to protect the plaintiff against the effect thereof, and to eliminate such improper matters. The court did not intimate to the jury that there was any discrepancy in the statements of the witness, but only sought to leave for their consideration so much of the testimony as might have a bearing upon his credibility.

2. The fact that a litigant has stated his case to several attorneys who refused to undertake it, might be a circumstance that would cause a jury to scrutinize his testimony closely, not so much that he had told a different story, but that there might be a motive to do so, and thus have a bearing upon the character of his testimony or upon his motives. The presumption that a witness speaks the truth may be overcome by the manner in which he testifies, by the character of his testimony, or by evidence affecting his motives: B. & C. Comp. § 695.

3. The instruction was not upon an abstract proposition of law. It was given to eliminate the effect of improper testimony which had been received without objection, and yet leave for their consideration any disclosures therein that might tend to influence or color plaintiff's testimony contrary to the truth; and, although the language of the instruction was not well chosen, we conclude that it was not prejudicial or misleading to the jury.

4. As to the second assignment of error, it seems that at the close of the instructions to the jury, counsel for defendant suggested that the jury ought to be told by the court that, if it appears from the evidence of the plaintiff that his negligence either caused the injury or contributed to it, he cannot recover, whereupon the court accordingly gave the instruction complained of. Although plaintiff is not required to show want of negligence on his part, yet, if negligence on his part is disclosed by his case, it will defeat his right of recovery. It is said by Thompson, Negligence, § 419:

"Where the plaintiff testifies as a witness in his own behalf, and on his cross-examination admits facts which show that he is guilty of contributory negligence, while he will not be excluded by a mere slip on the witness stand from making a proper explanation, leaving his testimony and explanation to go together to the jury, yet, where he fails to explain the statement showing contributory negligence, it becomes the duty of the court to instruct the jury that he cannot recover."

5. Mr. Justice Moore, in *Carroll* v. *Grande Ronde Elec. Co.* 47 Or. 424, 434 (84 Pac. 389, 392: 6 L. R. A. (N. S.), 290), says:

"It has been repeatedly held in this State, in actions to recover damages resulting from a personal injury, that, if it appears from the testimony offered by the plaintiff that the person sustaining the hurt was also guilty of negligence, without which the injury complained of would not have happened, such proof, as a matter of law, will defeat a recovery."

The fact that the question did not arise upon a motion for a nonsuit, but at the close of the whole case, does not render the instruction improper, unless there was something disclosed by the defense affecting it.

There is nothing in the record to indicate that there was any other testimony than contained in "plaintiff's case" that might render the instruction improper, nor was there any request by plaintiff for a more specific instruction on that subject; and it was not error to give the instruction.

Therefore the judgment of the lower court will be affirmed.                                            AFFIRMED.