# ADJUSTMENT BUREAU OF PORTLAND *v.* STAATS.

(175 Pac. 847.)

**Bills and Notes—Consideration—Evidence—Sufficiency.**

1.  In a suit to foreclose a mortgage securing a promissory note, evidence that the proceeds of the note and mortgage were to be applied to defendant's debts, in connection with the presumption of adequate consideration, sufficiently met plea of want of consideration.

From Wasco: William L. Bradshaw, Judge.

Department 1.

This is a suit to foreclose a mortgage on real estate, given to secure the payment of a note of $8,577.37 alleged to have been given to the plaintiff on March 1, 1915, and due on November 1st of the same year.

The answer denies the making or execution of both the note and the mortgage and challenges the complaint in other material particulars. In the new matter, however, the defendants give a long history of their laying out the town of Maupin, stating that they conceived it would be a good business point and accordingly opened a merchandise establishment there and became involved in debt to wholesale dealers when a financial stringency came on as the result of the war in Europe; that they were unable to pay their debts and that the plaintiff, knowing their situation, told them that their creditors, whom the plaintiff represented, insisted upon immediate payment; that one of them was threatening to sue the defendants and if one commenced the others would likely do the same, and that if they would give their note secured by a mortgage for the amount due their creditors it would be so arranged as to extend the time of payment to November 1, 1915. Thereupon, relying upon such representations, they gave the note and mortgage. They contend that the amount of their indebtedness was incorrectly stated in the note. They also contend for reductions in certain items making up the principal of the notes, owing to payments they had made directly to the original claimants. It is further charged that the plaintiff by its officers and agents had thwarted the defendants in their efforts

to sell the business so as to realize enough to pay their debts.

While the pleadings were being made up there were various motions for judgment for want of reply, judgment on the pleadings, motions to strike out pleadings, and the like. All of these were overruled and when the pleadings were finally made up the Circuit Court heard the case and gave a decree against the defendants in the sum of $8,275.72 principal, and accrued interest, together with $400 attorneys' fees, and foreclosed the mortgage. The defendants appeal.

AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Enoch B. Dufur.*

For respondent there was a brief with oral arguments by *Mr. Herbert R. Dewart* and *Mr. John W. Reynolds.*

BURNETT, J.—We find nothing in the matter of making up the pleadings that is beyond the power of the court under the various statutes allowing amendments and enlarging the time to plead. It is unnecessary to multiply authorities or do more than to refer to Section 103, L. O. L. The attempt to allege fraud is insufficient in that it does not comply with the general rule, the precedents for which in this state were compiled by Mr. Justice MOORE in *Lindstrom* v. *National Life Ins. Co.,* 84 Or. 588 (165 Pac. 675). Neither is it alleged wherein the representations charged in the answer were false.

1. Passing all these matters, however, and arriving at the merits of the case, it is plain that the defendants found themselves involved in debt owing to

their inexperience in the business in which they were engaged; that the creditors were desirous of realizing upon their claims, in pursuance of which the defendants made their note and mortgage to the plaintiff, which is a concern representing creditors in the adjustment of claims against retail merchants. The business ran along from the date of the note until after its maturity and the defendants claim reductions for various amounts they paid during that time. We are satisfied that they have received credit for all that was justly their due on this account. They do not pretend but that they were in debt for at least the greater part of the amount of the note. The presumption is that the note was given for an adequate consideration. This is reinforced by the testimony, which was that the proceeds of the note and mortgage were to be applied to the satisfaction of the debts of the defendants. All this effectually disposes of the plea that the note was given without consideration. In brief, the defendants are unfortunate in having embarked in an enterprise with which they were not familiar, and in encountering a financial stringency for which no one, especially their creditors, was responsible, but they justly owed the debts. The court treated them fairly and correctly in the settlement of their claims for payments they had made. On the whole case, the decree of the Circuit Court was right and it must be affirmed.          AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.