Argued November 23, 1920, affirmed January 11, 1921.

## WHITE *v.* HARRISON.

### (194 Pac. 431.)

**Vendor and Purchaser—Burden of Proving Fraud by Vendor Rests on Purchaser.**

1. In a suit to foreclose a purchase-money mortgage, where defendant alleged fraud in the sale of the property to him, and asked for rescission of the contract, the burden of proving the fraud rested on defendant.

**Evidence—Greater Number of Witnesses is of Weight, but not Conclusive.**

2. In determining the issue of fraudulent representations in the sale of land, the fact that the greater number of witnesses denied the fraud, though not conclusive, is an element in determining the truth.

**Appeal and Error—Findings in Equity as to Fraud are of Influence, but not Controlling.**

3. In a suit in equity, findings by the trial judge who saw and heard the witnesses as to the existence of the alleged fraud are of influence on appeal, but are not controlling.

**Vendor and Purchaser—Evidence Held not to Establish Fraud by Vendor.**                    ,,

4. In suit to foreclose a purchase-money mortgage, where defendant sought rescission of the contract because of fraudulent representations, where defendant's testimony of the fraud was uncorroborated, while plaintiff's denial was corroborated by other witnesses, and defendant admitted he had an opportunity to examine the land, evidence *held* insufficient to establish the fraud.

From Klamath: D. V. KUYKENDALL, Judge.

---

2. On preponderance of evidence as determined by mere number of witnesses, see note in **Ann. Cas.** 1913D, 676.

Department 1.

This is a suit to foreclose a purchase-money mortgage given by the defendant to the plaintiff on certain lands in Klamath County described by legal subdivisions. After denying the existence of consideration for the notes evidencing the indebtedness, and challenging certain legal conclusions, the defendant avers that at the time the notes and mortgage were executed:

"The plaintiff * * did represent to this defendant that such real estate was well adapted for the business and purpose of operating thereon a livestock ranch and upon which defendant could carry on the business of dealing in livestock such as cattle, horses, sheep, etc., that there was plenty of open range adjoining and in the vicinity of said place upon which defendant could run more than 300 head of cattle and horses, and that such real estate furnished wild grass and water for such business, and that such real estate would produce abundance of wild grass and water during each year for such purpose and business and that portions of such lands would produce and yield one ton per acre of wild hay during each year, and the plaintiff at said time and place did further represent that certain lands then enclosed by fence and situated in the immediate vicinity of the lands described in said mortgage and some portions thereof joining thereon and amounting to approximately 145 acres constituted and were a portion of the lands described in said mortgage, all of which representations were absolutely false."

Further averments of the answer make a good pleading of fraud within the precedents in this state where the effort is to work out a rescission of the contract involved. The prayer, in substance, is that the defendant recover the money he has paid on the purchase price and the reasonable value of improve-

ments he has installed on the premises, and that the notes and mortgage be held to be void.

The reply challenges the new matter in the answer. The Circuit Court made findings of fact to the effect that the charges of fraud were not sustained by the evidence, and entered a decree foreclosing the mortgage. The defendant appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. H. Carnahan.*

For respondent there was a brief over the names of *Mr. C. F. Stone* and *Messrs. McCoy & Gans,* with an oral argument by *Mr. Stone.*

BURNETT, C. J.—Included in the transaction of buying the land in question was the purchase of considerable personal property on the farm, which belonged to the plaintiff. No offer of restoration to the former status of the property is pleaded or proved. The issue is narrow, and the evidence is confined mainly to the statement that the hay land would not produce one ton per acre, as charged in the answer, and further that the realty pointed out did not all belong to the plaintiff. There is an irreconcilable conflict in the testimony. The defendant is practically alone in his statements that the representations were made. On his own evidence it appears that he took too much for granted. He was purchasing the land by legal subdivisions, necessarily involving rectangles, included in boundaries running to the cardinal points of the compass. He himself admits that the inclosures were in irregular shapes, and that he could see for himself that the fences were not on the lines, but he thought the variation was slight. The plaintiff, his wife and son, all declare that the defendant's

attention was called to the fact that the fences were not on the boundary lines. That matter is explained by testimony on the part of the plaintiff that in the settlement of the country in that region fences followed the line of least resistance; that no attention was paid to government lines in the first instance; and that inclosures corresponded to government boundaries only when permanent fences were finally installed. As to the quantity of hay that could be raised on the property, the defendant declares that the plaintiff told him it would raise one ton per acre. This is denied by the plaintiff. The latter admits he told the defendant that some of the land, if it should be improved, would produce one ton per acre.

1, 2. The burden of proof on allegations of fraud rests upon the defendant, who alleges it. The greater number of witnesses in the case on points of dispute are those for the plaintiff, and, although this does not conclude us, yet, all other things being equal, the result naturally would be that the number of witnesses would be an element in determining the truth of the matter in controversy. Considering such a case in *Smith* v. *Griswold,* 6 Or. 440, the court held, in substance, that when there is an issue of fact and the plaintiff supports the allegations in his complaint by his deposition and no other testimony, and the defendant in his deposition denies these allegations, there is no preponderance of proof: See, also, *Rolston* v. *Markham,* 36 Or. 112 (58 Pac. 1099).

3. We are also influenced, but of course not controlled, by the fact that the trial judge saw the witnesses and had a far better opportunity to consider the weight of their testimony than we, who have only a paper record before us.

4. For the most part, also, the precedents cited by the defendant in support of his position are not in point, in that they contain elements of concealment and prevention of the aggrieved party from making inquiry. For instance, in *Steen* v. *Weisten,* 51 Or. 473 (94 Pac. 835), the party claiming to be defrauded had made no previous examination for the purpose of determining the quality of the land or the timber thereon, and was dissuaded by the seller from doing so. In *Boelk* v. *Nolan,* 56 Or. 229 (107 Pac. 689), the plaintiff had been residing for several years in California and had left his land in Tillamook County in charge of a friend, who, believing him to be dead, suffered the land to be sold for taxes and bought it in, with the avowed purpose of preserving it for the plaintiff or his heirs in case of his death, not having heard from him for several years. Having secretly ascertained the whereabouts of the plaintiff, the defendant went to California and represented that he himself had acquired title to the land and that it had been sold for taxes, and by telling the half truth about the matter and concealing the real state of affairs, induced the plaintiff to give a quitclaim deed for a mere nominal sum. The plaintiff there was induced by the representations of the defendant to forbear from making original investigation. In *Davis* v. *Mitchell,* 72 Or. 165 (142 Pac. 794), the property in dispute was an apartment house. The plaintiff, claiming to be defrauded, had opportunity to examine only three or four of the apartments and was prevented by the seller from looking at the others on the ground that the occupants did not wish to be disturbed. In *Palmiter* v. *Hackett,* 95 Or. 12 (185 Pac. 1105, 186 Pac. 581), the property involved was a building which had been occupied in the lower story by a garage and

in the upper part as housekeeping rooms. Unknown to the purchaser, this was contrary to city ordinances. The seller, although informed of this fact, concealed it from the plaintiff and represented the building to be available for both purposes. This was held as ground for rescission. No such elements appear here. The defendant himself says that no effort whatever was made to prevent him from making full investigation of the property and its capabilities for the purpose for which he wished to buy it. The evidence shows that it had been used as a stock ranch, but not so extensively as the defendant undertook afterwards to use it. In this matter, as well as others, the testimony of the defendant is disputed by that of the plaintiff.

In brief, the defendant has asserted fraud, assuming the burden of proving the same. Standing practically alone in his assertion, both as a pleader and as a witness, he is confronted by a greater number of witnesses, apparently of equal credibility, in opposition to his contention. He has not made out his case by a preponderance of the evidence, and hence the decree of the Circuit Court must be affirmed.

AFFIRMED.

BEAN, HARRIS and McBRIDE, JJ., concur.