Argued February 26, affirmed April 23, 1929.

EDNA B. REED v. BELLE ROSENTHAL ET AL.

(276 Pac. 684.)

For appellants there was a brief over the names of *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. Roscoe C. Nelson.*

For respondent there was a brief and oral argument by *Mr. Henry S. Westbrook.*

BEAN, J.—This is an action for personal injuries for negligent treatment in a beauty parlor. The cause was tried before the court and a jury and a verdict returned in favor of plaintiff. From a consequent judgment defendants appeal.

Plaintiff is a woman about thirty-five years of age; a college graduate. Prior to December 31st, 1924, the time of the treatment of which she complains, she had patronized the beauty parlor of defendants for two or three years. At that time plaintiff requested a facial known as "Mask of Youth." The defendants, not having some of the ingredients necessary for such treatment, recommended and gave plaintiff a "Boncilla" treatment. The treatment consisted of applications of hot towels and cold creams upon the face followed by a clay, or mud preparation, which hardened and was removed and other appli-

cations of hot towels and lotions made to the face. Blackhead substances were removed from the pores of the skin. This was the first Boncilla treatment plaintiff ever had. Before she took it defendants assured her it would do her no harm. During the course of the treatment plaintiff's face began to burn, of which plaintiff complained, and had the treatment removed and dispensed with one of the applications owing to the tenderness of her skin, of which defendants knew.

Plaintiff alleges, in substance, that the defendants, in applying their treatment to plaintiff were negligent and failed to use any cleansing or disinfecting application or process upon the instrumentalities used; or upon the plaintiff's face, but first used soiled towels and for the purpose of removing "blackheads" used a small metallic instrument in the form of a needle without a point, but with a hole in the center so that when the instrument was applied directly over the blackhead in plaintiff's face, it was pressed down against the place with force and the blackhead forced therefrom up through the hole in the instrument; that said instrument had not been sterilized, was dirty, filthy and had substances from other persons thereon, and without taking any care or sterilizing or cleaning the same, in any way, that as a result plaintiff's face became hot, began to smart and burn, and so continued and became highly infected, inflamed, swollen and discolored and gatherings, sores and ulcers and other like places in a great number appeared upon plaintiff's face, causing her to be sick.

Defendants by their answer deny any negligence. The assignment of error presented upon this appeal is upon the basis that the court erred in failing to direct a verdict for the defendants. The testimony

on the part of plaintiff tended to show substantially the facts as above stated and that the infection started in a violent and virulent manner and continued thereafter in a painful and dangerous course for a long period of time confining plaintiff to her home, causing her to employ the services of a physician for about six months.

The whole testimony, on the part of plaintiff, tended strongly to show that the treatment and infection caused abscesses and furuncles in her face. That the infection was caused and directly traceable to the treatment which she received in the beauty parlor of the defendants.

Mrs. Lorena E. Beam was the operator who administered the treatment to plaintiff and had been engaged in the profession for a long time. The testimony of Dr. McGuire thoroughly explained how germs, which cause infection, are conveyed, and by the use of scientific language described the furuncles, or abscesses, which formed in plaintiff's face, particularly in three places. And showed that it was possible for the infection to be transmitted in the manner described by plaintiff; and the manner in which the instrument that was used by the operator of defendant in removing the blackheads should have been sterilized so as not to cause blood poisoning.

Defendants strongly urge, in substance, that it is necessary for expert testimony to the effect that it was "probable" that the infection in plaintiff's face was caused by the treatment which plaintiff received from defendants. It is true that there was no germ seen through a microscope as being transmitted by the operation in the beauty parlor, neither could such testimony be expected. The testimony of plaintiff, and particularly the circumstances of the case, indi-

cated that plaintiff's face was injured, causing pain and suffering; and the infection was caused by the treatment administered by defendants when she received the Boncilla facial massage which injury the doctor called, omitting the lengthy scientific terms, blood poisoning.

■ The testimony, on the part of the defendants, directly contradicted that upon the part of the plaintiff. It is not for the court to decide which was true; that was a question for the jury. We think that no disinterested trier of facts could read or hear the testimony without being convinced that there was substantial testimony to support plaintiff's case.

■ It is claimed, on the part of the defendant, that plaintiff assumed the risk by patronizing a beauty parlor with which she had been acquainted for some two or three years. It is explained by plaintiff that the operator had theretofore been cautious in the use of clean towels next to her face and that she had been satisfied with the work she had received prior to that time. The testimony does not indicate that plaintiff had any reason to, or did, appreciate any risk, or danger, in obtaining the facial. The contention of defendant in this regard cannot be upheld. The testimony in the case is quite lengthy, portraying the sharp conflict therein, which is the gist of this case.

For instance, plaintiff testified, to the effect, that Mrs. Beam, the operator, at the time of removing the blackheads from her face, took a small metallic instrument from a shelf, and did not sterilize it in any way, and used it on plaintiff's face in the manner detailed above. The testimony of Mrs. Beam is, in substance, that she used no such instrument for

such purpose, but wrapped a towel about her thumbs and fingers and used them for that purpose. Defendants' testimony was that there was no such instrument kept in the beauty parlor.

■ It would not be advantageous to detail the testimony. There was no contributory negligence pleaded on the part of defendants. It did not affirmatively appear from the plaintiff's testimony that she was guilty of contributory negligence upon which point defendants cite, *Johnson* v. *Underwood*, 102 Or. 680, 692 (203 Pac. 879); *Carroll* v. *Grande Ronde Electric Co.*, 47 Or. 424 (84 Pac. 389, 6 L. R. A. (N. S.) 290, note); *Gentzkow* v. *Portland Ry. Co.*, 54 Or. 114, 122 (102 Pac. 614, 135 Am. St. Rep. 821); *Pereira* v. *Star Sand Co.*, 51 Or. 477 (94 Pac. 835).

■ The testimony of Dr. Maguire, who treated plaintiff for the infection of her face, tended strongly to show that the infection, or blood poisoning, was the result of the facial treatment of plaintiff by defendants' operator. Although he testified very cautiously and apparently very conscientiously and did not use the word "probable," his testimony supplemented and explained that of plaintiff.

We know of no authority to the effect that the manner or place of the contraction of such a diseased condition, or blood poisoning, such as complained of by plaintiff, cannot be proved, except by expert testimony. The case of *Voshall* v. *Northern Pac. Term. Co.*, 116 Or. 237 (240 Pac. 891), is somewhat in point.

In *Derrick* v. *Portland Eye Hospital*, 105 Or. 90 (209 Pac. 344), it was a case similar to this one, in that the eye of Derrick was being treated by a nurse of Dr. Gowan and through this nurse's treatment the injury was sustained. A motion was made

for a directed verdict and was denied, and Mr. Justice BROWN says, at page 94:

"It is a doctrine so familiar that we cite no decisions in support thereof, that this court will not reverse a ruling of the trial court denying a non-suit, whenever, upon the whole case, as presented both by the plaintiff and by the defendant, the record shows sufficient evidence to take the case to the jury." See, also, *Gordon* v. *Curtis Bros.,* 119 Or. 54, 68 (248 Pac. 156).

In *Robison* v. *Oregon-Washington R. & N. Co.,* 90 Or. 491, 496 (176 Pac. 594), Mr. Justice BURNETT says: "It is elementary that a verdict cannot be directed if there is any evidence sufficient to be submitted to the jury on the issue involved." See *Doherty* v. *Hazelwood Co.,* 90 Or. 475, 479 (175 Pac. 847, 177 Pac. 432).

The testimony of plaintiff was sufficient to take the case to the jury. There was no error in refusing to direct a verdict for defendants. Therefore, the judgment of the trial court is affirmed.

AFFIRMED.

COSHOW, C. J., and BROWN and BELT, JJ., concur.