Argued December 12; reversed December 29, 1944

# FLATMAN *v.* LULAY BROTHERS LUMBER CO. ET AL.

(154 P. (2d) 535)

496

Before Bailey, Chief Justice, and Rossman, Kelly, Lusk and Hay, Associate Justices.

*Ralph W. Skopil,* of Salem (Lawrence N. Brown, of Salem, on the brief), for appellant.

*Custer E. Ross,* of Salem (Ross & Lewelling, of Salem, on the brief), for respondent.

BAILEY, C. J.   This action was brought by Maude Flatman against Lulay Brothers Lumber Company, a corporation, and Al Lulay, to recover damages for injuries suffered by her in a collision between a motor vehicle in which she was riding as a passenger and a pick-up truck driven by the defendant Al Lulay.   At the close of the plaintiff's testimony, a judgment of involuntary nonsuit was entered in favor of the defendant corporation against the plaintiff.   The case proceeded against the individual defendant, and the

jury returned a verdict in his favor. From a judgment entered on that verdict the plaintiff has appealed.

■ One of the assignments of error contained in the plaintiff's brief relates to the entering of the judgment of involuntary nonsuit in favor of the defendant corporation. We can not, however, consider that assignment, for the reason that no appeal was taken from that judgment. The notice of appeal was directed only "to Al Lulay, defendant, and to . . . his attorney," and referred only to the judgment entered upon the verdict in favor of that defendant.

The principal assignment of error on which the plaintiff relies is based on the court's giving the following instruction:

> "It is now necessary that I instruct you relative to the law of contributory negligence. The law of contributory negligence is that a plaintiff who is guilty of negligence, however slight, contributing to or being the proximate cause of her own injury, can not recover from another who may also be guilty of negligence, which negligence is the proximate cause of the injury. That is, if both plaintiff and defendant are guilty of negligence, contributing to or being the proximate cause of the collision, then neither can recover, but the law simply leaves them where it finds them."

> "In Oregon we do not have the doctrine of comparative negligence, that is, you can not compare one's negligence against another party's negligence, and so ascertain which is the least negligent, but a plaintiff, in order to recover, must be free from any negligence herself which is the proximate, or proximate contributing cause of the collision. Contributory negligence, as it is used against plaintiff, does not assume the defendant was negligent, but the plaintiff could be found guilty of negligence without the defendant being guilty of negligence."

The plaintiff excepted to the giving of that instruction, "on the ground and for the reason that such instruction does not adequately state the law in the case, in view of the fact that contributory negligence was not pleaded as affirmative defense by the defendant, nor did contributory negligence on the part of the plaintiff conclusively appear from plaintiff's own testimony."

The instruction quoted was preceded by one in which the court charged the jury that the negligence of Dewey Flatman, plaintiff's husband, who was driving the car in which the plaintiff was a passenger when injured, could not be imputed to her merely because of the marital relationship, "but you must consider and determine whether or not plaintiff herself assumed and adopted the negligence, if any, of the driver of the car in which she was riding, and in this connection, I instruct you that the law places upon the operator of a vehicle or driver of an automobile, the obligation of operating and controlling the same and the responsibility rests with the operator or driver to avoid the ordinary dangers of the road." The court then proceeded to instruct the jury that a passenger in an automobile "can not shut her eyes to real or apparent danger and knowingly permit the negligent operation of the car in which such passenger is riding, without protesting against same, or otherwise do something in the exercise of due care on her part to protect herself, independent of the driver of the automobile, and be free from negligence on her part." That instruction went on to advise the jury as to the duties of a passenger in an automobile being operated in a careless or negligent manner. The plaintiff excepted to the last-mentioned instruction also, "in so

far as the same involved any negligence on the part of the plaintiff," on the ground above specified, that contributory negligence was not pleaded as an affirmative defense or conclusively shown by the plaintiff's evidence in the case.

■ Contributory negligence is an affirmative defense. Not only must it be pleaded, but the burden of proving it rests upon the defendant: *Ordeman v. Watkins,* 114 Or. 581, 590, 236 P. 483; *Wallace v. Portland Railway, Light & Power Co.,* 103 Or. 68, 204 P. 147; *Doyle v. Southern Pacific Co.,* 56 Or. 495, 516, 108 P. 201.

■ In pleading contributory negligence it is necessary to allege the specific acts of negligence committed by the plaintiff: *Riley v. Good,* 142 Or. 155, 163, 18 P. (2d) 222; *Speight v. Simonsen,* 115 Or. 618, 621, 239 P. 542, 43 A. L. R. 1149; *Colonial Refining Co. v. Lathrop,* 64 Okla. 47, 166 P. 747, L. R. A. 1917F, 890. The answer herein made no attempt whatever to plead contributory negligence.

This court, in *Wallace v. Portland Railway, Light & Power Co.,* supra, after discussing whether or not contributory negligence of the plaintiff must be negatived by the plaintiff or pleaded affirmatively by the defendant, said that "it may safely be affirmed that contributory negligence is held by the great weight of authority to be a defense which must be pleaded and proved in order to be available, except perhaps in those rare instances where it conclusively appears from the testimony adduced by plaintiff." The defendant herein asserts that the last clause quoted, "except perhaps in those rare instances where it conclusively appears from the testimony adduced by plaintiff," is dictum, inasmuch as the defense of contributory negligence had

been pleaded in that case. Although the qualifying clause added a condition not necessary to the decision, it was pertinent to the discussion; and the whole sentence was, as we shall hereinafter point out, a correct statement of the law.

It is argued by the defendant Lulay that when it appears from the plaintiff's evidence that his negligence caused the injury complained of, or contributed to it, the plaintiff can not recover, regardless of whether or not the defendant affirmatively pleaded the plaintiff's own negligence. As supporting that contention, he cites and relies upon *Carroll v. Grande Ronde Electric Co.,* 47 Or. 424, 84 P. 389, 6 L. R. A. (N. S.) 290; *Jackson v. Sumpter Valley Railway Company,* 50 Or. 455, 458, 93 P. 356; *Johnson v. Underwood,* 102 Or. 680, 203 P. 879; *Reed v. Rosenthal,* 129 Or. 203, 276 P. 684, 63 A. L. R. 1071; and other similar cases.

In *Carroll v. Grande Ronde Electric Co.,* supra, the court said:

" . . . It has been repeatedly held in this state, in actions to recover damages resulting from a personal injury, that, if it appears from the testimony offered by the plaintiff that the person sustaining the hurt was also guilty of negligence, without which the injury complained of would not have happened, such proof, as a matter of law, will defeat a recovery": citing numerous authorities.

The above excerpt was quoted with approval in most of the cases relied upon by the defendant.

■■ This court, in accordance with the rule above announced, has consistently held in those instances in which the evidence adduced by the plaintiff showed as a matter of law that the plaintiff was negligent and that the injury would not have occurred except through

his negligence, that the plaintiff could not recover, even though contributory negligence was not pleaded. It has never held, however, so far as we have been able to ascertain, that the trial court, when the evidence produced by the plaintiff merely raised a question of fact as to the plaintiff's negligence, should submit that question to the jury, in the absence of a plea of contributory negligence.

The following, from 45 C. J., Negligence, § 694, page 1117, we consider a correct statement of the rule as to when contributory negligence must be pleaded in order to be available as a defense:

"The general rule requiring contributory negligence to be specially pleaded does not apply, and such negligence may be availed of as a defense without a special plea thereof, where the fact of such negligence is disclosed or put in issue by the allegations of the complaint, in which case the question of contributory negligence may be raised by demurrer to the complaint. Likewise, where plaintiff's own evidence clearly discloses contributory negligence on his part, it operates to defeat his case, and may be availed of as a defense, without a special plea thereof, in which case the issue may be raised by a demurrer to the evidence, or by a motion for a nonsuit or directed verdict based upon such contributory negligence, or by a request to the court to charge upon that issue, or in the argument to the jury. But in order that defendant may rely upon contributory negligence as a defense, without pleading it, under this rule, plaintiff's evidence must clearly show such negligence as a matter of law; . . . . it is not sufficient that plaintiff's evidence merely tends to show that he was guilty of negligence, and defendant can not introduce additional evidence to show such negligence. Contributory negligence must appear in plaintiff's evidence so clearly as to disprove the cause of action stated in

the petition, and where it falls short of that, and remains a question of fact which may be decided either way, it must be pleaded, to be available as a defense.''

See particularly, in this connection, the annotation following *Oklahoma City v. Reed* (17 Okla. 518, 87 P. 645), 33 L. R. A. (N. S.) 1083, at 1208.

We shall now consider whether or not the plaintiff's evidence shows as a matter of law that the plaintiff was negligent and that her negligence contributed to her injury. The accident occurred at the intersection of First and Washington streets at Stayton, Oregon. First street runs in a general northerly and southerly direction; and Washington street, in an easterly and westerly direction. The vehicle in which the plaintiff was a passenger was proceeding westerly on Washington street. Mrs. Flatman was in the front seat of the car, on the right-hand side. As above stated, her husband was driving the car. Both the plaintiff and her husband testified that it was traveling at a rate of about twenty miles an hour.

After passing a filling station and when approximately sixty feet east of the intersection, both Mr. and Mrs. Flatman looked to the right and saw the truck operated by the defendant Al Lulay approaching the street intersection from the north. Mrs. Flatman was unable to state the distance of Lulay's truck from the intersection at the time that she first saw it, otherwise than to say that it was "about three telephone or electric light poles away". Mr. Flatman estimated the distance as between two hundred and three hundred feet.

The plaintiff continued to watch the approaching truck and did not know whether or not her husband

again looked to the right. The latter testified that after looking to the right he then looked to his left, and then again to the right; and that when he looked to the right that time the truck was "on me". According to Mr. Flatman's testimony, the collision occurred after his car had passed beyond the middle of the intersection. The right headlight of his car was torn off by the impact and his right fender came in contact with the left rear fender of the Lulay truck. The Flatman car was turned at a right angle to its course and left in the intersection. And the Lulay truck, according to Mr. Flatman's testimony, "went on down the highway south," about one hundred fifty feet, and turned over."

Mrs. Flatman was asked whether she had said anything to her husband about the approach of the Lulay truck, and answered: "No, I didn't. I didn't think it was necessary until it was too late." She had theretofore testified that she knew that her husband noticed the approach of the truck at the time that she first saw it.

The plaintiff's husband testified that he was forty-five years of age at the time of the trial and that he had been employed as a railroad engineer until an accident occurred to him in 1934, at which time his back, spine and shoulder were injured and there was also some injury to one of his eyes. He stated that since 1934 he had been receiving compensation for those injuries, although he had worked at different times after his accident. He also testified that "the commission" had purchased eye-glasses for his use, but that he was not wearing them at the time of the accident involved in this case.

August 8, 1942, was the date of the collision in which the plaintiff was injured. On June 26, 1941, Mr. Flat-

man's driving license was renewed with no "operating restrictions", after an examination of him by Drs. Rockey and Selling, who certified that his physical condition was such as to entitle him to a driver's license. Mr. Flatman also underwent a test of his vision before his license was renewed.

■ From the record before us we can not say as a matter of law that the plaintiff was negligent. The evidence indicates that her husband was competent to operate the automobile in which she was riding; and that she knew that he saw the approaching truck when their car was about sixty feet from the intersection. At a speed of twenty miles an hour, the Flatman car would have traveled the intervening distance in approximately two-thirds of a minute. Whether or not the plaintiff exercised due care for her own safety is to be determined by the test of what a reasonably prudent man would have done under all the circumstances and conditions disclosed by the evidence: *Koski v. Anderson,* 157 Or. 349, 355, 71 P. (2d) 1009; *Pointer v. Osborne,* 158 Or. 573, 582, 76 P. (2d) 1134; *Willoughby v. Driscoll,* 168 Or. 187, 200, 120 P. (2d) 768, 121 P. (2d) 917.

■ Inasmuch as the evidence does not clearly show that the plaintiff was negligent and that she thereby sustained her injuries, the instructions on contributory negligence were erroneously given and were, in our opinion, prejudicial to the plaintiff.

■ On the oral argument, counsel for the defendant urged that the judgment appealed from be affirmed regardless of error, under article VII, § 3, of the Oregon constitution, on the ground that the jury arrived at a just and proper result. We have carefully read

all the testimony in the case and believe that the jury, if the case had been properly submitted to it, might have returned a different verdict.

The remaining assignments of error in the plaintiff's brief are without merit.

The judgment appealed from is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.