Argued July 10, remanded with instructions September 12, 1969

# BRYAN, *Appellant, v.* CUPP, *Respondent.*

458 P2d 697

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, and Helen B. Kalil, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and BRANCHFIELD, Judges.

LANGTRY, J.

This is an appeal from a dismissal of a post-conviction proceeding. The court sustained demurrers to a petition and an amended petition. The dismissal followed refusal to plead further.

The amended petition alleges that on September 30, 1966, Carl Lee Bryan was charged by information with the crime of burglary in Douglas County; that he waived indictment and was arraigned the same day, waived right to counsel, pleaded guilty and was sentenced. He is now serving the sentence in Oregon State Penitentiary. The petition alleges that he filed a direct appeal which was dismissed on October 10, 1966. There is nothing regarding any such appeal in the record accompanying this appeal, or in the Oregon Supreme

Court records of which we take judicial notice because this case was transferred from the Supreme Court to this court pursuant to Oregon Laws 1969, ch 198 § 15.

■ ORS 138.080(2) provides that the clerk of the trial court shall send a certified copy of a notice of appeal to the clerk of the Supreme Court. ORS 138.185, 19.033 and 19.108(2), read together, provide that the Supreme Court shall have jurisdiction of the appeal, except when the parties stipulate to a dismissal, in which event the trial court may make the dismissal order. In the case at bar, the demurrer stands as an admission to the allegation that a direct appeal was dismissed. Accepting this as a fact, it seems clear that the circuit court clerk omitted his duty under ORS 138.080(2). The Supreme Court did not order the direct appeal dismissed. Therefore, it appears that a direct appeal may be pending and this case is remanded to the trial court to ascertain the facts. If a direct appeal is pending, this proceeding must be dismissed.

Inasmuch as the substantive question raised on demurrer in the trial court may be an issue after the questions concerning the direct appeal are disposed of, we will rule on it in this opinion.

Bryan's connection with the crime, it is alleged, was discovered when he was arrested in Roseburg for traffic violations. His incarceration followed immediately, then the arresting officer returned to Bryan's locked car, searched it, and discovered articles stolen in a burglary. The respondent's demurrer admits that the search was unlawful.

Paragraph VIII of the amended petition alleges:

"That at no time set forth herein in connection with petitioner's conviction for burglary was peti-

tioner represented by counsel; that neither the Circuit Judge of the State of Oregon who presided over the proceedings as set forth above nor any other person or persons whomsoever advised petitioner nor did petitioner know at the time he pleaded guilty, as aforesaid, that he had a defense to the crime of burglary, to-wit: that the property seized from the vehicle that petitioner was driving had been illegally seized and could have been excluded as inadmissible evidence had the petitioner pleaded not guilty and requested a jury trial on the merits; that had the petitioner known that said property was illegally seized, he would have requested the assistance of counsel, pleaded not guilty and filed a motion to suppress the evidence illegally seized, as aforesaid."

Nothing in the record indicates the basis for the trial court's ruling on the demurrer. The reasons stated for the demurrer were:

"1. It fails to state facts sufficient to justify the exercise of jurisdiction by this Court under ORS 138.510 to 138.680 [Oregon's Post-Conviction Relief Act], and

"2. It fails to state facts sufficient to authorize relief as demanded."

If the contentions in the briefs reflect it, the reasoning behind the trial court's ruling was that there is no direct assertion in the petition that the plea of guilty was induced by petitioner's knowledge that the police had possession of the stolen property.

Amended Paragraph VIII does not clearly state whether the claim for relief is based upon a waiver of counsel or a plea of guilty, not knowingly and understandingly made. However, we think the language in the last clause of Paragraph VIII, "* * * that had the petitioner known that said property was illegally seized, he would have * * * pleaded not guilty * * *,"

read in conjunction with the other allegations of the petition does sufficiently allege that his plea was induced by accused's knowledge that the police had the stolen property.

■ ORS 138.610 provides that the court may allow amendments to the petition and the filing of further pleadings. It also provides that the defendant shall respond by demurrer, answer or motion. A demurrer is improper where the facts material to a cause are stated, even though not with the clearness necessary to a good pleading. A motion to strike or make more definite and certain is the appropriate remedy. ORS 16.110 and 16.120; *Lawrence Whse., Inc. v. Best Lumber Co., Inc.*, 202 Or 77, 271 P2d 661, 273 P2d 993 (1954); *Murray v. Lamb*, 174 Or 239, 148 P2d 797 (1944).

■ We conclude that the petition should be heard on its merits if no direct appeal is pending, and the case is remanded for proceedings consistent with this opinion.

Remanded with instructions.