Argued December 13, 1978, reversed and remanded for trial
February 20, 1979

BAHR, *Appellant,*
*v.*
MARION COUNTY et al, *Respondents.*
(No. 102,875, CA 10967)
590 P2d 1240

Dennis Sarriugarte, Salem, argued the cause and filed a brief for appellant.

Richard Ligon, Assistant Legal Counsel, Marion County, Salem, argued the cause for respondents. With him on the brief was Frank C. McKinney, Marion County Legal Counsel, Salem.

Before Schwab, Chief Judge, Gillette and Roberts, Judges, and Howell, Judge pro tempore.

[ 597 ]

HOWELL, J. pro tempore.

**HOWELL, J.** pro tempore.

The trial court issued an order striking plaintiff's second amended complaint in this action and entered a judgment dismissing the action. Plaintiff appeals, and we reverse.

Plaintiff's original complaint in equity alleged that plaintiff was a taxpayer[1] and that the defendants, Marion County Commissioners, have adopted a policy allowing use of county vehicles by certain county officers "for regular home to office travel." Plaintiff alleged that this policy violates ORS 204.111 and 204.401 and prayed for an injunction. The trial court sustained defendants' demurrer on the ground that the complaint failed to state a cause of action.

Plaintiff then filed an amended complaint in law, rather than equity, for return of money paid for use of the vehicles. The amended complaint challenged the county policy generally on the same basis as the original complaint. The trial court granted defendants' motion to strike on the ground that the complaint was a repetition of the original complaint.

Plaintiff then filed a second amended complaint, alleging the following:

"I

"Plaintiff is a taxpayer of Marion County, State of Oregon.

"II

"At all times material to this action, each of the above listed Defendants was a public official acting in the capacity of a member of the Board of Commissioners of Marion County, State of Oregon under authority granted by the State of Oregon through ORS Chapter 203.

---

[1]Defendants do not contest plaintiff's standing to bring this action. ORS 294.100(2) provides:

"Any public official who expends any public money in excess of the amounts, or for any other or different purpose or purposes than authorized by law, shall be civilly liable for the return of the money by suit of the district attorney of the district where the offense is committed, or at the suit of any taxpayer of such district."

[ 599 ]

"III

"The Defendants expended public money in excess of the amounts and for other or different purposes than authorized by law by allowing and authorizing the personal use of county-owned vehicles in that Defendants:

"1. Allowed, authorized, or were cognizant of, the use of county-owned vehicles for travel by county employees between their residences and Marion County Court House.

"2. Used county-owned vehicles for their own personal use, including commuting between their residences and Marion County Court House, attending political meetings held for the purpose of their own re-election and other non-official business.

"3. Initiated and approved a policy for use of county-owned vehicles dated on or about the 25th of May, 1977 which authorized personal use of said vehicles by the following statement; 'Use of county vehicles for regular home to office travel shall be considered as a benefit accruing to the individual for which the county shall be reimbursed according to the degree of benefit accruing.'

"IV

"Said vehicle use as hereinbefore alleged in paragraph III is contrary to ORS 204.401 and further, beyond any specific authority granted by the hereinbefore mentioned ORS Chapter 203."

The trial court dismissed plaintiff's second complaint without leave to amend.

Defendants contend the trial court should be affirmed because "when the conclusions are eliminated, the Second Amended Complaint fails to state a cause of action." We disagree.

ORS 204.101 grants the board of county commissioners the power to fix the compensation of its members and other county employees.[2] ORS 204.111

---

[2] "204.101. The county court or board of county commissioners of each county shall fix the compensation of its own members and of every other county officer, deputy and employe, including justices of the

provides that the compensation so fixed is exclusive, and that no other compensation shall be received except in certain situations inapplicable here.[3] ORS 204.401 permits the board to provide for use of county-owned vehicles by employees "in the performance of their official duties."[4]

Plaintiff alleges that defendants have violated the provisions of ORS 204.111 by permitting use of county vehicles for personal travel by county employees, including "attending political meetings held for the purpose of their own re-election and other non-official business."[5] While we agree with defendants that

peace, constables and elective district court clerks, but excluding district court judges and any court officer appointed by any judge or judges of either the circuit or district courts exercising jurisdiction in the county and compensated from county funds, where the compensation of such officers, deputies and employes is to be paid from county funds."

[3] "204.111(1) The compensation fixed under ORS 204.101 constitutes full and exclusive compensation for official services rendered to the county, and includes compensation for any special services rendered to the county, such as those performed by the county clerk as clerk of the district court.

"(2) No other compensation, commission or fees for services rendered to the county shall be allowed to, received or retained by any county officer, deputy or employe whose compensation is fixed under ORS 204.101, except for the performance of marriage ceremonies and surveys for private persons by county surveyors."

[4] "204.401. The county court or board of county commissioners of each county may provide for:

"(1) Mileage allowances or the allowance of travel expenses for those county officers, deputies or employes who are required to travel *in the performance of their official duties,* or may provide for the furnishing of transportation in county-owned vehicles.

"(2) The allowance of necessary expenses, other than mileage and travel expenses, for county officers, deputies or employes who incur such expenses *in the performance of their official duties."* (Emphasis added.)

[5] The county policy, as set forth in plaintiff's original complaint, provides in pertinent part:

"Category A: Elected and appointed county officials who are expected to be readily available to conduct county business during or after normal business hours. Use of county vehicles *for regular home to*

plaintiff's allegations are not examples of good pleading, we do not believe the allegations are insufficient to state a cause of action. Use of an automobile could certainly be a form of "compensation," but we cannot determine at this stage of the proceedings whether the alleged use is permitted under the terms of the above statutes. It may well be, as defendants argue, that the use of the automobiles is permitted under ORS 204.101 or 204.401, but such a determination cannot be made without knowing the facts surrounding the actual use.

If defendants were unclear concerning the precise nature of plaintiff's allegations in this case, the proper procedure was to move to make the complaint more definite and certain. ORS 16.110. Uncertainty and indefiniteness in a complaint normally are not grounds for demurrer. *Bryan v. Cupp,* 1 Or App 52, 458 P2d 697 (1969).

We hold that the trial court erred in striking plaintiff's second amended complaint.

Reversed and remanded for trial.

---

*office travel* shall be considered as a benefit accruing to the individual for which the county shall be reimbursed according to the degree of benefit accruing. A variable fee schedule will be utilized for distance of the individual as follows:

"Commuting distance (one way) up to 5 mi ........................... $10.00/mo.
Commuting distance (one way) 5 to 10 mi ........................... $20.00/mo.
Commuting distance (one way) 10 to 15 mi ......................... $30.00/mo.
Commuting distance (one way) 15 to 20 mi ......................... $40.00/mo.
Commuting distance (one way) greater than 20 miles ........ $50.00/mo.

"County officers falling under this category shall include:
    Board of Commissioners (3)
    County Treasurer
    County Surveyor
    Director of Emergency Services
    Director of Public Works
    Deputy Director of Public Works
    Supervising Engineer, Public Works." (Emphasis added.)