Argued and submitted May 21,
affirmed August 4, reconsideration denied September 25,
petition for review denied October 14, 1980 (289 Or 741)

# BAHR,
*Appellant,*
*v.*
# MARION COUNTY, et al,
*Respondents.*

## (No. 102,875, CA 15755)

614 P2d 1224

Dennis Sarriugarte, Salem, argued the cause and filed the brief for appellant.

Larry Jon Pound, Salem, argued the cause for respondents. On the brief was Frank C. McKinney, Marion County Legal Counsel, Salem.

[627]

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This case is here for the second time. *See Bahr v. Marion County,* 38 Or App 597, 590 P2d 1240 (1979). On remand the trial court allowed a demurrer based on the statute of limitations, and plaintiff appealed. In the course of this second appeal, we have been made aware of a crucial procedural matter which was not called to our attention on the first appeal and which we failed to note. The defendants demurred to the original complaint on *two* grounds: failure to state a cause of action *and* the statute of limitations. That demurrer was sustained on both grounds. Plaintiff filed an amended complaint, against which the defendants moved on the ground that it was sham and frivolous because it was repetitious of the first, stricken complaint. That motion was allowed. Plaintiff filed a second amended complaint, which was also ordered stricken for the same reason. The first appeal was from the order striking the second amended complaint.

The only issue presented to us then was whether the second amended complaint stated a cause of action, and we held that it did. We failed to recognize that the demurrer had also been sustained on the statute of limitations point and that that was not challenged. Therefore, even though the second amended complaint stated a cause of action, we should not have reversed the trial court. There was no basis for plaintiff to proceed on the second amended complaint in the face of a ruling on the statute of limitations which was not challenged on appeal. When the trial court on remand entered the order on the demurrer from which this appeal was taken, it merely reiterated its earlier ruling.

Affirmed.