Argued February 28, affirmed June 15, 1966

# KLERK *v.* TEKTRONIX, INC.
### 415 P. 2d 510

*Philip A. Levin,* Portland, argued the cause for appellant. On the briefs were Pozzi, Levin and Wilson, Portland.

*Howard M. Feuerstein,* Portland, argued the cause for respondent. With him on the brief were George H. Fraser, Cleveland C. Cory and William M. McAllister, Portland.

Before PERRY, Presiding Justice, and SLOAN, GOODWIN, DENECKE, HOLMAN, LUSK and SCHWAB, Justices.

PERRY, J.

The plaintiff brought this action against his employer, the defendant Tektronix, Inc., to recover damages for personal injuries arising out of his employment.

The plaintiff alleged that over a period of three years he had been required to lift heavy "bundles and bindings of paper" whereby he twisted and wrenched his back, causing serious personal injury.

Plaintiff alleged that the employer's negligence was due to the failure (1) to provide a sufficient number of workmen to perform the work assigned; (2)

to supply ladders or walkways so that plaintiff would not be required to lift excessive weights onto the shelves; (3) in requiring plaintiff to lift excessive weights when the defendant knew or should have known that because of plaintiff's age he was incapable of performing this work; (4) in requiring the bundles to be of a size that they could not reasonably be handled by a person of plaintiff's age; (5) in constructing the shelving higher than the lift platform would travel; (6) in failing to provide a lift platform capable of going to the height of the shelves; (7) in constructing shelves which required plaintiff to lift bundles above his waist; (8) in failing to provide adequate floor space in the bindery room; (9) in failing to use every device, care and precaution that is generally outlined above so plaintiff would not have had to lift the large bundles above his waist.

Defendant moved to strike each of the allegations of negligence and its motion was sustained. The plaintiff refused to plead further and judgment was entered for the defendant. From the judgment entered the plaintiff appeals.

The plaintiff contends that each of the allegations stricken state an act of negligence against the employer.

■ A difficulty is at once apparent in the posture of this case on appeal. A motion to strike is an attack upon sham or frivolous or irrelevant matter in the complaint, or an entire pleading that is sham, frivolous or irrelevant. ORS 16.100. Such a motion ordinarily does not test the sufficiency of a pleading; its sufficiency must be tested by demurrer. *Hubbard v. Olsen-Roe Transfer Co.*, 110 Or 618, 224 P 636.

■ However, in those instances where a party has refused to plead further, it seems proper that this

court may take cognizance of the fact that a complaint either does or does not state a cause of action upon its own motion and for the first time in this court. *State ex rel. v. Mott,* 163 Or 631, 97 P2d 950; *Wyatt v. Henderson,* 31 Or 48, 48 P 790; *Carver v. Jackson County,* 22 Or 62, 29 P 77.

■ It is well established that actionable negligence arises only from the breach of a duty owed by one person to another, and that to state a cause of action for negligence the complaint must state the duty imposed or facts from which the law will imply a duty. *Hendricks v. Sanford,* 216 Or 149, 337 P2d 974.

■ Therefore, since the action for recovery can be based only on a breach of duty owed by the defendant employer to the plaintiff employee, either at common law or under the Employer's Liability Act, the question presented is whether the allegations of negligence stated in plaintiff's complaint, when considered in the light of his allegations as to circumstances attending his injury, disclose a breach of defendant's duty to its employee.

The circumstances alleged which must be considered in this connection are found in plaintiff's allegation: "this plaintiff was employed as a bindryman [sic] and over a period of three years this plaintiff has been directed and required in the course of his employment to lift heavy bundles and bindings * * * continuously * * * above his waist * * * which could not be reasonably manhandled by a person of plaintiff's age and physical condition * * * which defendant knew or should have known."

The reasonable conclusion that must be drawn from this statement of facts is that the plaintiff was accustomed to doing this kind of physical labor for a period of three years, but that such labor was now beyond

his physical capacity. Under these circumstances, the plaintiff "knew as well as, if not better than," his "employer whether the work was" getting "beyond" his "physical capacity." When these facts alone appear, and without further allegations which would disclose that the work created a dangerous situation to any person so employed regardless of his physical condition, there is no duty placed upon the employer to oversee the health of the employee. *O'Neal v. Meier & Frank Co.*, 226 Or 108, 114, 359 P2d 101; *Ferretti v. Southern Pacific Co.*, 154 Or 97, 57 P2d 1280.

■ Thus the facts alleged do not bring this case within the rule of law contended for and discussed in *Norman v. Cunningham Sheep Co.*, 233 Or 385, 377 P2d 916, or *Hale v. Electric Steel Foundry Co.*, 183 Or 275, 191 P2d 396, 192 P2d 257. Plaintiff here was not required to overtax his strength in the doing of a single act, nor does he set out a combination of facts which could be considered as creating a dangerous situation if not enough men were employed to assist. He was only required to do work which over a period of time became beyond his personal capacity to perform.

There is no contention that plaintiff advised his employer that he was unable to continue in his work and thus placed upon the employer the duty of assigning him to lighter work or discharging him.

The judgment of the trial court is affirmed.