Argued February 21, affirmed April 3, reconsideration denied May 10, petition for review denied September 8, 1978

PAGE, *Plaintiff,*

*v.*

CAMERON, *Defendant-Appellant,*

*v.*

CITY OF PORTLAND,

*Third Party Defendant-Respondent.*

(No. 160-403, CA 8635)

567 P2d 837

William L. Girdner, Portland, argued the cause and filed the brief for defendant-appellant.

Edward H. Warren, Portland, argued the cause for third party defendant-respondent. With him on the brief were Hershiser, Mitchell & Warren and Wm. Kelly A. Olson, Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

In June, 1976, Cameron was sued by Page for damages resulting from a May, 1975, automobile accident. In November, 1976, Cameron filed a third party complaint pursuant to ORS 16.315(4)(a) against the City of Portland, seeking recovery of the full amount of any judgment rendered against her in favor of Page. The city demurred to the third party complaint on the ground that it "failed to allege tort claims notice as required in ORS 30.275 and therefore fails to state a cause of action." The demurrer was sustained. When Cameron failed to plead further, judgment was entered against her.

■ Cameron asserts that the third party complaint stated a cause of action on an implied contract for indemnity and that the Tort Claims Act and the notice provisions of ORS 30.275[1] were not applicable. On appeal the city argues that whether or not those notice provisions were applicable, Cameron's third party complaint failed to state a cause of action for indemnity and, therefore, the demurrer was properly sustained. Although it was not urged below, we can appropriately consider this argument in support of the district court's ruling. ORS 16.330; *Shires v. Cobb,* 271 Or 769, 534 P2d 188 (1975); *see also Fulton Ins. v. White Motor Corp.,* 261 Or 206, 493 P2d 138 (1972).

■ When one who has been or may be held liable for damages in tort seeks indemnity from another in the absence of a contract expressly providing for indemnity, he must plead and prove not only that the putative indemnitor was liable to the injured party,

---

[1] ORS 30.275 provides:

"(1) Every person who claims damages from a public body or from an officer, employe or agent of a public body acting within the scope of his employment or duties for or on account of any loss or injury within the scope of ORS 30.260 to 30.300 shall cause to be presented to the public body within 180 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, the name of the claimant and his representative or attorney, if any, and the amount of compensation or other relief demanded. * * *"

but also that "* * * as between the claimant and the defendant, the obligation ought to be discharged by the latter." *Fulton Ins. v. White Motor Corp., supra,* 261 Or at 210.

"* * * The last requirement means that, although the claimant must have been legally liable to the injured third party, his liability must have been 'secondary' or his fault merely 'passive,' while that of the defendant must have been 'active' or 'primary.' *Kennedy v. Colt,* 216 Or 647, 653-654, 339 P2d 450 (1959); *Astoria v. Astoria & Columbia River R. Co.,* 67 Or 538, 547-548, 136 P 645, 49 LRA NS 404 (1913); *Jackson v. Associated Dry Goods Corp.,* 13 NY2d 112, 192 NE2d 167, 169 (1963); *Bush Term. Bldgs. v. Luckenbach S.S. Co.,* 9 NY2d 426, 174 NE2d 516, 517-518 (1961). In a recent discussion of indemnity in *General Ins. Co. v. P. S. Lord,* 258 Or 332, 482 P2d 709 (1971) the court observed that the traditional formulations of active and passive negligence, or primary and secondary liability, do not provide precise guidelines for deciding close cases. Nevertheless, the complaint in an indemnity action must include facts which, if proved, would establish each party's liability to the injured third party, and that the plaintiff's liability was not based on conduct which ought to bar his recovery, however that conduct is described." *Fulton Ins. v. White Motor Corp., supra,* 261 Or at 210-11.

Cameron's complaint against the city failed to meet that requirement. Any liability which she may have had to Page would have had to have been based upon some act of negligence on her part pleaded and proved. Page's complaint against her alleges negligence in four particulars.[2] She answered, denying any negligence. In her third party complaint she alleges that the city was negligent in several respects and that the city's negligence was the sole and proximate cause of Page's damages. Her pleading does not allege any

---

[2] The allegations were that Cameron was negligent in:

(1) failing to keep a proper lookout;

(2) operating her vehicle at an excessive rate of speed under the conditions then and there existing;

(3) failing to maintain proper or any control of the vehicle;

(4) failing to obey a traffic control sign.

[ 444 ]

relationship between herself and the city or between her duty, fault or liability, if any, and that of the city which would entitle her to indemnity. *See Taggart v. State,* 45 Cal App 3d 768, 119 Cal Rptr 696 (1975). Not even the most liberal construction of the pleading can supply allegations that are necessary and missing. The demurrer, therefore, was properly sustained, and there is no basis or need for us to reach numerous other issues tendentiously raised by the appellant.

Affirmed.