Argued April 6, reversed and remanded with directions May 16, 1978

MESSMER et ux, *Respondents/Cross-Appellants,*

*v.*

CARTER, *Defendant,*
BONDED CREDIT COMPANY,
*Appellant/Cross-Respondent.*

(No. A76-08-11371, SC 25328)

578 P2d 788

Brian W. O'Brien, Portland, argued the cause and filed briefs for appellant/cross-respondent.

Roy V. Smith, of Oregon Legal Services Corporation, Albany Regional Office, argued the cause for respondents/cross-appellants. With him on the brief was Nancy M. Helget, Albany.

Before Denecke, Chief Justice, and Holman, Tongue, Howell, Bryson, and Linde, Justices.

HOLMAN, J.

## HOLMAN, J.

Bonded Credit is a corporation authorized to do business in Oregon as a collection agency. It brought an action in district court in its own name against the Messmers on an account assigned to it by the J. C. Penney Company. The Messmers pleaded as an affirmative defense that Bonded Credit was practicing law in its efforts to collect the account. The district court sustained a demurrer to the affirmative defense. The parties then stipulated that the facts alleged in Bonded Credit's complaint were true and that the Messmers claimed they were not liable by virtue of their defense to which the demurrer was sustained. The court then entered judgment for Bonded Credit.

Thereafter the Messmers instituted this proceeding as a writ of review in circuit court, contending the district court's ruling sustaining the demurrer to the affirmative defense improperly construed the applicable law.[1] The circuit court held that the district court had erred in sustaining the demurrer and that the judgment of the district court in favor of Bonded Credit be vacated and the case remanded to the district court for a trial on the affirmative defense. Bonded Credit appealed.

The affirmative defense alleged substantially that (1) Bonded Credit was advising J. C. Penney of its legal rights and duties; (2) Bonded Credit instituted action, made the decision to sue and selected the attorney to handle the action when it was not the original creditor; (3) it exercised control over the attorney and has the power to settle to the exclusion of J. C. Penney; (4) Bonded Credit's arrangement was on

---

[1]    "ORS 34.040 * * * The writ [of review] shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"* * * * *.

"(4) Improperly construed the applicable law;

"* * * * *."

the basis of a contingent fee; and (5) its compensation by J. C. Penney was partially for legal advice as set forth above. The allegation (1) above is merely a conclusion and states no fact; it was therefore not admitted by the demurrer and will not be considered by us. *Coblentz v. State Ind. Acc. Com.*, 203 Or 258, 262-63, 279 P2d 503 (1955). In any event, it is our understanding from the Messmers' briefs that the legal rights and duties to which they refer are those alleged under the other allegations.

The business of operating a collection agency is closely regulated in Oregon. A "collection agency business" is defined in ORS 697.021 as follows:

"* * * * *

"(6) 'Collection agency business' means:

"(a) The business of engaging, directly or indirectly, in the solicitation or collection of claims owed or due, or asserted to be owed or due another; or

"* * * * *

"(e) The action or conduct of any person who solicits or accepts accounts for collection on a contingent or percentage basis or by a fee * * * for collection purposes.

"* * * * *."

ORS 697.235 provides:

"A collection agency shall have a property right in any account assigned to it for billing and collection."

Also, ORS 697.290 provides:

"No billing agency, factoring agency or collection agency is entitled to maintain any suit or action involving the collection of money on behalf of its customers in any of the courts of this state without alleging and proving that it is duly licensed and has procured a bond, * * *."

██ It is apparent from the statutes that the legislature contemplated a collection agency would operate in the manner which is contended by the Messmers to be illegal. ORS 697.021(6)(a) and (e) include within the licensed business of a collection agency the solicitation

and collection of claims of third parties upon a contingent fee basis. ORS 697.235 provides that the collection agency has a property right in claims assigned to it for collection. ORS 697.290, although it does not directly say so, plainly infers that any collection agency that is licensed is entitled to maintain a legal action on behalf of its customers. It is impossible to read these statutes and to come to any conclusion other than that the legislature was putting its blessing upon collection agencies' activities similar to those in which the Messmers alleged Bonded Credit is engaged.

■■  The Messmers contend, however, that ORS 9.160 prevents those who are not members of the bar from practicing law. The statute provides:

> "Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent himself as qualified to practice law unless he is an active member of the Oregon State Bar."

This necessitates a construction of this statute together with those statutes previously quoted which relate to the business of a collection agency. It is apparent that ORS 9.160 is a general statute and that the statutes relating to collection agencies are specific ones. The rule that a specific act controls over a general act is applicable in a situation such as this. *Thompson v. IDS Life Ins. Co.*, 274 Or 649, 656, 549 P2d 510 (1976). We conclude that the legislature has authorized the conduct of Bonded Credit about which the Messmers complain.

According to the Messmers it is this court's prerogative to determine what constitutes the practice of law. They do not, however, mention or discuss the constitutional problems inherent in such a contention which relate to the separation of powers between the judicial

and legislative branches of state government as provided in Article III, Section 1, of the Oregon Constitution.[2] In the absence of any briefing on or discussion of the constitutional question, we decline to discuss the subject.

The Messmers cross-appeal from the trial court's failure to overrule a demurrer to their third affirmative defense. This defense was:

> "* * * * *.

> "The assignment of claim by J. C. Penney Company to plaintiff is void due to illegality in that plaintiff's conduct pursuant thereto constitutes the unauthorized practice of law as alleged above and any consideration paid by plaintiff for the assignment was for the purpose of allowing plaintiff to practice law on J. C. Penney Company's behalf."

What has been said with reference to the Messmers' second affirmative defense is equally applicable to their third affirmative defense.

The judgment of the trial court is reversed, and the case is remanded with directions to reinstate the district court's judgment for Bonded Credit.

---

[2] "The powers of the Government shall be divided into three seperate [sic] departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."