MURPHY, *Appellant,*

*v.*

CITY OF PORTLAND et al, *Respondents.*

(No. 423 055, CA 9689)

585 P2d 732

Charles V. Elliott, Portland, argued the cause and filed the brief for appellant.

Michael A. Lehner, Portland, argued the cause for respondents City of Portland, James A. Hunter and William H. Bennington. With him on the brief were Bruce L. Mowery and Hershiser, Mitchell and Warren, Portland.

I. Franklin Hunsaker argued the cause for respondents, County of Multnomah, Oregon and James Dillard. With him on the brief were Ronald E. Bailey and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Thornton, Presiding Judge, and Johnson and Gillette, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an action for negligence against the City of Portland, Multnomah County, and three individuals, arising out of an incident wherein plaintiff was mistakenly arrested at his home on a warrant and was taken into custody. The "James Edward Murphy" named in the warrant was a person other than plaintiff. Defendants Hunter and Bennington were Portland police officers. Defendant Dillard is in charge of the Warrants and Extradition Section of the Multnomah County Sheriff's office.

■ The demurrer by the city defendants was sustained by the trial court. Plaintiff refused to plead over and judgment was entered for defendants City of Portland, Hunter, and Bennington. The demurrer was properly sustained because plaintiff failed to allege sufficient facts from which a duty to plaintiff could be discerned.[1] *See Klerk v. Tektronix, Inc.,* 244 Or 10, 415 P2d 510 (1966). *Cf.* Restatement of Torts § 125, Comment d (1934).

Multnomah County and defendant Dillard moved for summary judgment which the trial court granted.

---

[1] The allegations of negligence contained in plaintiff's second amended complaint consisted of the following:

"The arresting and jailing of the Plaintiff was without lawful or probable cause and was the direct and proximate result of the negligence of the Defendants, to-wit:

1. Defendants failed to ascertain that the CRISS computer entry for the Plaintiff was No. 87934 while the CRISS computer entry for the person named in the warrant of arrest was No. 50631.

2. Defendants failed to ascertain that the birthdate of the Plaintiff was September 23, 1936, while the birthdate of the person named in the warrant of arrest was August 19, 1954.

3. Defendants failed to ascertain that the person named in the warrant was in the United States Navy and assigned to the USS Samuel Gompers while the Plaintiff has never been in the Navy and had lived at 3615 N.E. Hassalo for several years.

4. Defendants failed to ascertain that the person named in the warrant of arrest had blue eyes while Plaintiff has brown eyes.

5. Defendants failed to ascertain that the Social Security number of the person named in the warrant of arrest was 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 while the Social Security Number of Plaintiff is 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."

The motion was supported by affidavits of defendant Dillard and a Karen Polk who was a Warrants Clerk employed in Dillard's section. Plaintiff filed an affidavit executed by his counsel which is mostly argument. The factual statements of plaintiff's affidavit do not materially conflict with the Dillard and Polk affidavits. The material facts are as follows.

A bench warrant was issued by the Circuit Court for a "James Edward Murphy." The warrant was transmitted to the Warrant and Extradition Section for processing and publication to interested law enforcement agencies. The warrant did not contain any identifying or location information other than the person named in the warrant. The Warrants Clerk, Karen Polk, had reason to know that there should be a previous entry in the Columbia Region Information Sharing System (CRISS) computer for the person named in the warrant since this was a contempt warrant on a previous felony conviction. She retrieved from the CRISS computer an address, social security number, date of birth, color of hair and other identifying data for "James Edward Murphy." This information, together with the warrant, was teletyped to the Portland police who in turn arrested plaintiff. The computer contained identifying and locator data for both the plaintiff and a "James E. Murphy" who was the James Edward Murphy referred to in the warrant.

Both the Dillard and Polk affidavits indicate that the mistaken identity of plaintiff would have been avoided if the CRISS computer was programmed to have a cross-reference system for similar names. The CRISS computer is not owned, operated, or programmed by the county. This fact alone, however, does not absolve the county or its employees from liability.

The Dillard affidavit states that "The clerk [Polk] obtained this information [from the CRISS computer] by following what was *standard procedure* at that time," (emphasis supplied) and then transmitted the information to the Portland Police Department. The

Polk affidavit states: "I followed the *standard procedure* for our section of obtaining information on James Edward Murphy from the CRISS computer the information that went into the teletype came from the CRISS computer. To my knowledge, neither *our office* nor CRISS employed a cross-reference system at that time." (emphasis supplied) Based upon the facts as stated, a jury might reasonably conclude that the county and Dillard were under a duty to make some further inquiry before transmitting the information to the Portland police, particularly in light of the admitted deficiency of the CRISS computer.

■ The county contends that the actions of Polk and Dillard were "standard procedure" and therefore immune from liability as a discretionary act or function. There is no elaboration in the affidavits indicating what is meant by "standard procedure." The affidavits do not reveal any facts that would indicate that this procedure originated from decisions of the nature that have been held to be discretionary acts or was merely a common practice indulged in by county employees. *See McBride v. Magnuson,* 282 Or 433, 578 P2d 1259 (1978); *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970); *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 582 P2d 443 (1978); *Dizick v. Umpqua Community College,* 33 Or App 559, 577 P2d 534 (1978); *Pickett v. Washington County,* 31 Or App 1263, 572 P2d 1070 (1977). We are, therefore, unable to discern from the present record whether immunity exists. *See Hulen v. City of Hermiston,* 30 Or App 1141, 569 P2d 665 (1977). The summary judgment should not have been allowed.

Affirmed as to the defendants City of Portland, Hunter, and Bennington. Reversed as to defendants County of Multnomah and Dillard.

Affirmed in part; reversed in part and remanded.