Argued December 20, 1978, reversed and remanded April 23, reconsideration denied June 5, petition for review denied June 13, 1979

## J. GREGCIN, INC., *Appellant,*

### *v.*

## CITY OF DAYTON et al, *Respondents.*
### (No. 33303, CA 10910)
593 P2d 1231

C. David Hall, Portland, argued the cause for appellant. With him on the brief were Brian M. Sullivan, and Rask & Hefferin, Portland.

Gary A. Reuter, McMinnville, argued the cause for respondents. With him on the brief were Marsh, Marsh, Haugeberg, Reuter & Phillips, P.C., and Francis E. Marsh, McMinnville.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff brought this action under the Oregon Tort Claims Act to recover damages which allegedly resulted from the city's approval of a subdivision application submitted by plaintiff's predecessor in interest. After the subdivision was approved, building permits were issued and construction was commenced. Subsequently, the Circuit Court issued a writ of mandamus ordering the city to vacate the approval of the subdivision and cancel the building permits on the ground that the city had not complied with the provisions of ORS chapter 92, requiring, *inter alia,* that the city adopt standards and procedures governing subdivision approval. ORS 92.044[1] In *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904, *rev den* (1977), we affirmed that portion of the trial court's decision. The facts detailed in that opinion provide additional background, which we do not repeat here. Plaintiff claims as damages additional interest costs on building loans, losses from the storage of materials and lost profits on the sale of partially built houses, all allegedly incurred because of the project's being stopped. The complaint couched the claim in negligence terminology in this manner:

"That said Pre-Emptory Writ of Mandamus was issued because of the defendants' negligence in approving the said subdivision *** and issuing building permits to plaintiff *** in one or more of the following particulars:

"1. In failing to adopt and use standards and procedures governing the submission and approval of tentative plans and plats of tentative plans and maps of major partitions as required by Oregon Law.

---

[1] ORS 92.044(1) provides in material part:

"The governing body of a county or city shall, by regulation or ordinance, adopt standards and procedures, in addition to those otherwise provided by law, governing, in the area over which the county or city has jurisdiction under ORS 92.042, the submission and approval of tentative plans and plats of subdivisions and governing the submission and approval of tentative plans and maps of major partitions."

"2. In failing to provide for the coordination in the review of the plaintiff's tentative plan of the subdivision with all affected City, County, State and Federal agencies and all affected special districts.

"3. In failing to give public notice, reasonably calculated to give actual notice to interested persons of the time and place of holding any public meetings concerning the approval of the subdivision.

"4. In failing to hold any public meetings concerning the approval of the subdivision."

The city demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, and in particular because the functions or duties of approving subdivisions and issuing building permits were discretionary and, therefore defendants were immune from liability. *See* former ORS 30.265(2)(a).[2] The trial court sustained the demurrer on that basis. When plaintiff refused to plead over, judgment was entered for defendants. Plaintiff appeals.

The complaint sounds in negligence.[3] In order to decide if defendants are immune from liability, we must first determine what function or duty existed that could have been performed negligently. *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979); *Klerk v. Tektronix, Inc.,* 244 Or 10, 415 P2d 510 (1966); *Hendricks v. Sanford,* 216 Or 149, 337 P2d 974 (1959). Although the complaint is not well drafted, the gravamen of the first particularized claim of negligence quoted above is that the defendants approved plaintiff's subdivision application and granted the building permits when the city had not complied with the

---

[2] Former ORS 30.265(2)(a), renumbered 30.265(3)(c) by Or Laws 1977, ch 823, § 2:

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

[3] Plaintiff does not allege that the city acted *ultra vires* its charter authority. ORS chapter 92 imposes standards and procedures which condition the exercise of authority the city derives from its charter. *See LaGrande/Astoria v. PERB,* 281 Or 137, 576 P2d 1204; 284 Or 173, 586 P2d 765 (1978).

requirements of ORS chapter 92. The trial court concluded that the action was barred by governmental immunity because subdivision approval is a discretionary function.

██ In determining if there was immunity, the proper focus is on the "scope and nature of the choices delegated to [defendants]." *McBride v. Magnuson,* 282 Or 433, 438, 578 P2d 1259 (1978); *Brennen v. City of Eugene, supra.* A decision whether or not to approve a subdivision, involving consideration of factors such as congestion, pollution, burdens on public services and public need for the subdivision *(see* ORS 92.044(1)(a)), would be an exercise of discretion, but it does not suffice to characterize the negligence claimed here as relating to "subdivision review" or "subdivision approval." Plaintiff's cause of action was not based on the way the city weighed the various statutory factors mentioned above. The complaint was directed at the failure to comply with the duty mandated by state law prerequisite to accepting and acting on subdivision applications. There was no room for discretion or policy choices with regard to the statutory requirement that standards and procedures be adopted prior to consideration of any subdivision approval application.

██ The city had a non-discretionary duty under state law to refrain from exercising authority over subdivisions at all unless it had complied with state-imposed conditions on that authority. That duty clearly ran to anyone who might foreseeably make an application. Plaintiff was in that class. *See Brennen v. City of Eugene, supra.* The city's failure properly to perform its statutory duty was not a product of discretion. *Brennen v. City of Eugene, supra; see also United Air Lines, Inc. v. Wiener,* 335 F2d 379 (9th Cir 1964), *cert dismissed* 379 US 951 (1964); *Griffin v. U.S.,* 500 F2d 1059 (3d Cir 1974.)[4] Inasmuch as the first allegation of

---

[4] Those decisions were based on 28 USC § 2680(a), which is the substantial equivalent of ORS 30.265(3)(c). *See Jones v. Chehalem Park & Rec. Dist.,* 28 Or App 711, 560 P2d 686, *rev den* (1977).

[747]

negligence fairly presents an allegation of non-discretionary duty to this plaintiff which was negligently violated, the demurrer should have been overruled.[5] *Bahr v. Marion County,* 38 Or App 597, 590 P2d 1240 (1979).

Reversed and remanded.

[5] We need not, and do not, express an opinion whether the other three allegations of negligence adequately state acts of negligence. They appear to be recitations of particulars in which the city failed to follow state law. As such they are evidentiary rather than substantive allegations. On remand the parties will have the opportunity to clarify the pleadings. We note also that possible matters of defense, such as contributory negligence, are not before us.