DYKEMAN, *Appellant,*
*v.*
STATE OF OREGON et al, *Respondents.*
(No. 77-135, CA 9045)

593 P2d 1183

Mike Stebbins, North Bend, argued the cause for appellant. With him on the briefs was Hayner, Waring & Stebbins, North Bend.

John W. Burgess, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

THORNTON, J.

This appeal involves an action under the Tort Claims Act, ORS 30.260 to 30.300, for damages on account of the alleged wrongful issuance and cancellation of a building permit. Plaintiff appeals from the lower court's granting of defendants' motion to strike portions of the complaint, and the sustaining of defendants' demurrer to the remaining allegation of the complaint.

■ Plaintiff alleged, in pertinent part:[1]

"II

"That Defendant James E. Ward is the duly appointed, qualified and acting inspector of buildings for the State of Oregon in the City of Coos Bay.

"III

"That by provision of the Building Code of the State of Oregon, said James E. Ward, acting as inspector of buildings, is authorized and charged with the duty to issue building permits where application for such permit is properly made and presented to him in his official capacity.

"IV

"That on or about June 14, 1976, Robert Dykeman, Plaintiff, applied for a permit to erect a new structure on the real estate described herein in Exhibit 'A,'attached to the original complaint and incorporated herein by reference, which is now vacant. Said application was made on the form furnished by the said state agency *and was properly drawn to comply with the requirements with regard to such building permit applications* and was accompanied by plans, specifications and working drawings of the structure therein referred to.

"V

"That on presentation of said application and plans to the said inspector of buildings of said state, at its regular established office, Plaintiff delivered

---

[1] The facts alleged in the complaint are regarded as true in reviewing the sustaining of a demurrer. *Seal v. Polehn,* 284 Or 259, 263, 586 P2d 345 (1978).

$99.00 which was the amount of the fee required for the issuance of such permit.

"VI

"That Defendant James E. Ward, acting in his official capacity as inspector of buildings for the State of Oregon, on or about June 14, 1976, at Coos Bay, Oregon, issued said permit to the Plaintiff to build the building described in said permit on the real property described in the attached Exhibit 'A.'

"VII

"That one Robert Waters, Director of Field Services for the Building Codes Division of the State of Oregon, acting in his official capacity for the State of Oregon, revoked said permit on the 28th day of June, 1976.

"VIII

"That the Defendants were negligent in the following particulars:

"1. In issuing said permit to the Plaintiff;

"2. In not informing the Plaintiff of alternative modes of construction available to him;

"3. In not informing the Plaintiff that his permit would be revoked." (Emphasis supplied.)

Defendants' motion to strike the second and third specifications of negligence was granted. Plaintiff then amended his complaint, alleging only the first specification. The trial court sustained defendants' demurrer on two grounds: that plaintiff failed to allege a duty owed him by defendants, and that both defendants were immune from liability. When plaintiff declined to replead, the trial court entered judgment on the demurrer.

Plaintiff first challenges the trial court's actions insofar as they are based on the ground that defendants failed to allege that defendants owed plaintiff no duty.

The question of the existence of a duty on the part of a public official arose in a somewhat similar situation in *Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979). The City of Eugene, by ordinance,

conditioned the granting of a taxicab license upon certification by the applicant that it had at least $100,000 per person liability insurance coverage. An agent of the city had granted a license to a taxicab company although the company certified that it had only $10,000 per person coverage. Plaintiff had obtained a judgment against the company but was only able to recover part of the judgment because the company was underinsured, so he sought the remaining amount from the city and its agent.

The Supreme Court held that the City's agent, whose employment encompassed processing applications according to the requirements of the ordinance, "[u]nder general principles of common law negligence, * * * was required to [process the applications] so as avoid creating a foreseeable risk of harm to others." 285 Or at 407. The court distinguished enactment of a municipal ordinance regulating licensing of taxicab drivers, which the City was under no duty to do, from the agent's duty to act nonnegligently in performing acts required by ordinance. The court rejected defendants' assertion that the duty was only to the public at large; nonfeasance, such as failing to enact a protective ordinance, differs from misfeasance, which involves performance of an act already undertaken, such as granting permits pursuant to ordinance. 285 Or at 409. Furthermore, as the legislature had removed most sovereign immunity, the court refused to distinguish public from private duty, which would result in a partial reestablishment of sovereign immunity. 285 Or at 411.

■  Here defendants have alleged that the state has adopted a building code, that defendant Ward was charged with issuing permits, and that plaintiff had submitted an application sufficient for consideration by defendant Ward whether a building permit should be issued. Therefore, plaintiff has alleged facts sufficient, under *Brennen*, from which to infer that defendant Ward had a duty to take reasonable care in

processing plaintiff's application to avoid the foreseeable risk of injuries occasioned by the issuance of a permit which is later revoked.[2]

■ Defendants assert a second basis for upholding the motions to strike and the demurrer.[3] Defendants argue that the phrase emphasized in the complaint is a conclusion of law, stating the effects of plaintiff's action rather than facts delineating the conduct. Hence, they argue, it should be ignored when the complaint is tested by demurrer. *See, e.g., Messmer v. Carter/Bonded Credit Co.,* 282 Or 323, 578 P2d 788 (1978). And, once ignored, they continue, the complaint insufficiently alleges proper completion of an application which would give rise to the duty, if any, of defendant Ward to act with reasonable care in processing the application. Therefore, they conclude, plaintiff has failed adequately to plead an essential element of a cause of action for negligence, and the demurrer was properly sustained. We disagree.

Pleadings ideally allege only ultimate facts, although it is not always possible clearly to distinguish ultimate facts from conclusions of law. Kirkpatrick, *Procedural Reform in Oregon,* 56 Or L Rev 539, 558 (1977). Furthermore, an allegation which is a conclusion of law in one case may be an ultimate fact in

---

[2] Hence the allegation is also sufficient against defendant state. "Subject to the limitations of ORS 30.260 to 30.300, every public body is liable for its torts and those of its officers, employes, and agents acting within the scope of their employment or duties, whether *arising out of a governmental or proprietary function.* * * *" ORS 30.265(1). *See Brennen v. City of Eugene,* 285 Or 401, 591 P2d 719 (1979).

Defendants argue that there are various public policy considerations, such as limiting the liability of the state and avoiding applicant-agent collusion, militating against imposition of a duty in this situation. We are, however, bound by *Brennen v. City of Eugene, supra,* which limits the duty analysis in cases such as this to determining whether the state's agent reasonably could have foreseen the risk of harm created by the agent's failure to use reasonable care in carrying out duties created by statute, ordinance or regulation.

[3] Alternative bases for sustaining a demurrer may be raised for the first time on appeal. *Page v. Cameron,* 33 Or App 441, 443, 576 P2d 837, *rev den* 283 Or 235 (1978).

another case, depending upon its relationship to an issue in the case. *Id,* at 559.

■ Here, the central issue in the case is whether defendant Ward, having a duty to do so, acted with reasonable care in processing plaintiff's permit application. Plaintiff does not allege explicitly that defendant Ward had such a duty; rather, he alleges a fact, the submission of a completed application, giving rise to such a duty. Plaintiff's pleading was therefore adequate as to duty.[4]

■ The motion to strike, however, was properly granted. We know of no duty on the part of a building inspector to inform the plaintiff of alternative modes of construction which would preclude revocation of plaintiff's building permit. Nor was the inspector under a duty to inform plaintiff that the permit would be revoked.

Plaintiff also challenges the trial court's granting of the demurrer on the grounds that defendants are immune.

■■ Defendants' immunity is an issue which may be raised by demurrer. *Smith v. Cooper,* 256 Or 485, 488, 475 P2d 78 (1970). However, for the demurrer to be sustained, the complaint must show on its face that defendants are immune from suit. *Id.* Here, it is not clear from the face of the complaint that the negligent acts of which plaintiff complains are those sorts of acts for which defendants are immune; *i.e.,* those which are within the discretionary acts exception[5] to the Tort

---

[4] In contrast, had the issue been the propriety of the revocation of plaintiff's permit for failure to meet building code requirements, and had plaintiff pleaded that his application was substantively correct (as opposed to formally correct, as alleged here), defendants could correctly claim that plaintiff had alleged a conclusion of law to be ignored when the complaint is tested by demurrer.

[5] Public bodies, including the state, ORS 30.260(2), and their "officers, employes and agents acting within the scope of their employment or duties are immune from liability for: * * * (c) Any claim based upon the

[635]

Claims Act.[6] Therefore, since plaintiff alleged that "Defendants were negligent in issuing said permit to the Plaintiff[,]" and the negligence of the defendant may consist of failure to use reasonable care in the performance of nondiscretionary acts, the complaint was not subject to demurrer on the grounds of immunity. *See McBride v. Magnuson,* 282 Or 433, 578 P2d 1259 (1978); *Moody v. Lane County,* 36 Or App 231, 584 P2d 335 (1978); *Hulen v. City of Hermiston,* 30 Or App 1141, 569 P2d 665 (1977); *cf., Murphy v. City of Portland,* 36 Or App 745, 585 P2d 732 (1978); *Comley v. State Bd. of Higher Ed.,* 34 Or App 465, 579 P2d 256 (1978) (summary judgment); *see also Mezyk v. National Repossessions,* 241 Or 333, 337-38, 405 P2d 840 (1965) (general allegation of negligence sufficient to withstand a demurrer, for "if a party alleges that certain acts were done negligently, proof of any facts tending to show that the acts were negligent is admissible.") (Citations omitted.)

■■ Defendants' further claim of immunity, based upon § 202(g) of the Uniform Building Code relieving those enforcing the Code of personal liability for acts and omissions in discharging their duties, does not suffice.

performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." ORS 30.265(3).

Although ORS 30.265 was amended after the occurrence of the events on which this action is based, the Supreme Court has apparently determined that the amendment embodies no substantive change concerning general liability and immunity for discretionary acts. *See Brennen v. City of Eugene,* n 2 *supra.*

[6] *Compare Gregcin v. City of Dayton,* 39 Or App 743, 593 P2d 1231 (1979) (issuance of building permit without completing statutorily-required preliminaries not within discretionary acts exception) *with Robert Crandall Co. v. City of Milwaukie,* 32 Or App 631, 575 P2d 170 (1978) (applicant for building permit has no vested right in building and zoning ordinances in force at time of application; public body has discretion to delay processing application until after relevant ordinance changed.)

*Compare also, Haslund v. City of Seattle,* 86 Wash 2d 607, 547 P2d 1221 (1976) (issuance of building permit not a discretionary function) *with Lockwood v. Village of Buchanan,* 182 NYS2d 754 (1959) (issuance of permit a governmental function; no liability imposed for negligence in issuance).

[636]

The complaint is sufficient under the Tort Claims Act, which includes the following provision:

> "ORS.30.260 to 30.300 is exclusive and supersedes all home rule charter provisions and conflicting laws and ordinances on the same subject." ORS 30.300.

Similarly, the fact that the Uniform Building Code, § 302(c), declares building permits invalid to the extent that they purport to authorize violations of the Code does not preclude suits for damages for improper issuance under the Tort Claims Act.[7] To the extent defendants rely on any misfeasance of plaintiffs in submitting invalid specifications, their objection is premature; the issue should be raised by affirmative defense where not apparent from the face of the complaint. *Cf, Flatman v. Lulay Brothers,* 175 Or 495, 154 P2d 535 (1944) (contributory negligence).

Therefore, plaintiff's complaint adequately alleged facts giving rise to a duty on the part of the defendant Ward, and did not allege that the acts complained of were those for which defendants were immune. The demurrer should not have been sustained.

Reversed and remanded.

---

[7] If, however, defendant Ward issued the permit without authority to do so, the state may not be enjoined from revoking the permit, *Bankus v. City of Brookings,* 252 Or 257, 449 P2d 646 (1969).