## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Yassa Y. Yassa et al.

v.

Charles B. Moore, Jr.

May 2, 1984

Case No. (Law) 8595

By JUDGE ALBERT H. GRENADIER

The defendant has demurred to all three counts of the plaintiffs' motion for judgment. As the plaintiffs have indicated they intend to move for a voluntary nonsuit as to Count II and request leave to amend Count III, the Court will consider only the demurrer to Count I in this memorandum opinion.

The plaintiffs allege in Count I that the defendant was negligent and that as a result thereof they were damaged. The demurrer is founded upon three grounds. First, the defendant alleges that as he was acting within the scope of his employment as a municipal employee he is immune from suit. Second, he says that the plaintiffs have failed to allege the essential elements of a negligence action. Third, he avers that absent physical injury the plaintiffs may not recover for mental and emotional pain and suffering.

It is the opinion of the Court that: (1) the defendant does not have immunity under the facts in this case; (2) the plaintiffs have stated a good cause of action for negligence in Count I of the motion for

judgment; and (3) the plaintiffs may not recover for mental and emotional pain and suffering in this case.

In Virginia a municipal corporation is clothed with a two-fold function, one governmental and the other proprietary. A municipality is immune from liability for failure to exercise, or for negligence in the exercise of its governmental functions. However, it may be liable, just as a private individual or corporation, for the failure to exercise or for negligence in the exercise of its proprietary functions. *Transportation, Inc.* v. *City of Falls Church*, 219 Va. 1004 (1979). When a city performs governmental functions delegated to it by the state, it stands in the place of and is acting for the state, and to hold it responsible for negligence would be the same as holding the sovereign accountable for negligence. *Freeman* v. *City of Norfolk*, 221 Va. 57 (1980).

Although a municipality may have immunity in the performance of a governmental function it does not follow that an employee of the city is also immune. In *James* v. *Jane*, 221 Va. 43 (1980), the court said on page 51:

> We make a distinction between the sovereign Commonwealth of Virginia and its employees, and local governmental agencies and their employees. And we have specifically held that the latter do not enjoy governmental immunity and are answerable for their own acts of simple negligence.

and on page 53:

> We find no justification for treating a present day government employee as absolutely immune from tort liability, just as if he were an employee of an eighteenth century sovereign.

In *James* the court listed certain factors to be considered in determining whether a state employee is entitled to immunity when he is charged with simple negligence in the performance of some duty: (1) the function the employee was performing and the extent of the state's interest and involvement in that function;

(2) whether the act performed involves the use of judgment and discretion; and (3) the degree of control and direction exercised by the state over the employee.

Virginia follows the rule that a municipal employee who commits a wrongful or tortious act violates a duty which he owes to one who is injured and is personally liable, even though he is then engaged in a governmental function, and even though his municipal employer may be exempt from liability under the doctrine of governmental immunity.

In *Crabbe* v. *County School Board of Northumberland County*, 209 Va. 356 (1968), the court held that the operation of a school was a governmental function, and the school board was, therefore, immune from tort liability. The court did not, however, extend this immunity to a shop teacher who was charged with negligence while instructing a student in the use of a power saw, notwithstanding the fact that the teacher was performing a governmental function for his employer, the school board.

In Virginia when a municipality is engaged in issuing building permits it is exercising a governmental function, as opposed to a private or proprietary function. *Segaloff* v. *City of Newport News*, 209 Va. 259 (1968); *Hurt* v. *Caldwell*, 222 Va. 91 (1981). It is also well settled in Virginia that public officers are liable for injury which results from their negligence in the performance of their duties which do not involve judgment or discretion in their performance but which are ministerial. In *First Virginia Bank - Colonial* v. *Baker*, 225 Va. 72 (1983), a deputy clerk of court indexed a deed of trust on the wrong page of the grantor's index. The court held that this was a misfeasance of a ministerial duty and the cloak of sovereign immunity does not cover such torts.

There are ample grounds to conclude that the defendant's approval or disapproval of a site plan was a ministerial act. In *Planning Commission* v. *Berman*, 211 Va. 774 (1971), the plaintiffs sought a writ of mandamus ordering the Falls Church Planning Commission to approve a site plan filed by them. At the time the petition was filed the plaintiffs had complied with all ordinances and applicable procedures. In granting the writ the court held that approval of the site plan

and the issuance of the permit was not discretionary but was ministerial and mandatory. Further support for this proposition may be found in *WANV* v. *Houff*, 219 Va. 57 (1978). There, the zoning administrator wrongfully issued a permit to construct a radio tower in a residential zone, a use not permitted under the zoning ordinances. The court held that since the construction was not a permitted use under the zoning ordinance there was no discretion to be exercised by the zoning administrator and he was without authority to issue the permit.

It may be argued that the interpretation of the Code and the examination of the plot plan require the exercise of judgment or discretion because they require some special knowledge. The Supreme Court of Virginia has held, however, that an act is no less ministerial because an officer has to determine the existence of facts which make it necessary for him to act. *Prince William County* v. *Hylton Enterprises*, 216 Va. 582 (1976).

In this case the plaintiffs presented a plot plan with their application for a building permit. The defendant, as zoning administrator, was one of several department heads who had to approve the application. Under the zoning laws then in effect the subject property was in an R-8 residence zone. Section 17-6-14 of the City Code prescribes among other things, the uses permitted, the front and side lot requirements, and the building restriction lines for this zone. These are very plainly delineated. The plot plan either complied or it did not. The defendant erroneously approved the plot plan even though it clearly violated the setback requirements established in the City Code.

The Court is of the opinion that in approving the plot plan the defendant was engaged in a purely ministerial function, and if he is negligent in the performance of that function, he is not covered by the cloak of sovereign immunity, and is answerable to the plaintiff for whatever damages proximately result.

The defendant also argues in his demurrer that Count I of the motion for judgment does not meet the basic elements required of a negligence action, i.e., a legal duty, a breach of that duty, and damages flowing proximately from that breach. He asserts that

he owed no duty to the plaintiffs, his only duty being to the City and not to any individual citizen. He correctly argues that under the holding in *Segaloff* v. *City of Newport News, supra*, an invalid building permit confers no rights upon the permittee upon which the permittee can rely. However, a suit for damages for the wrongful approval of a plot plan is an entirely different matter. Absent a recovery in damages, the plaintiffs would be remediless.

The Court's research uncovered no cases which discuss whether the negligent approval of a plot plan by a zoning administrator gives rise to a cause of action. The only cases which come close to reviewing that issue are those in which a zoning administrator or building inspector negligently issues a building or occupancy permit. In the instant case the defendant issued neither. However, but for his approval of the plot plan, the building permit would not have been issued. By analogy, one can consider the permit cases in determining whether or not Mr. Moore owed a duty to the plaintiffs.

In *Dykeman* v. *State*, 39 Ore. App. 629, 593 P.2d 1183 (1979), the plaintiff applied for and was granted a building permit. Shortly thereafter it was revoked. The plaintiff sued the building inspector and the state. The trial court sustained the defendants' demurrer, holding the defendants had immunity and that the plaintiff had failed to allege a duty owed to him by the defendants. The Supreme Court of Oregon reversed, ruling that the central issue was whether or not the inspector owed a duty to act with reasonable care in processing the plaintiff's application. The Court rejected the argument that defendants' duty ran only to the public at large and not to the plaintiff. The court in *Dykeman* relied upon an earlier case, *Brennan* v. *City of Eugene*, 285 Ore. 401, 591 P.2d 719 (1979). In *Brennan* the court said it would not distinguish public from private duty, because to do so would result in a partial reestablishment of sovereign immunity.

Several cases from the State of Washington have held either a municipality or its employees liable for the negligent issuance of a building permit. *Haslund* v. *City of Seattle*, 86 Wash. 607, 547 P.2d 1221 (1976); *Rogers* v. *City of Toppenish*, 23 Wash. App. 554, 596

P.2d 1076 (1979); *J. & B. Development Co.* v. *King County*, 100 Wash.2d 299, 669 P.2d 468 (1983). In *Haslund* the city revoked an invalid permit. The permittee sued the city and got a $2.8 million jury verdict, which was affirmed on appeal. In *Rogers* the court held a municipal employee liable and the municipality vicariously liable to a buyer of property for negligent misrepresentation of the zoning classification of a piece of property. In *J. & B. Development Co.*, the plaintiff purchased property contingent upon approval of a residential building permit. The permit was issued. Unfortunately, the person who issued it failed to recognize that an additional setback was required by county code. A subsequent on-site inspection by a county employee did not reveal the problem. The neighbors complained and the county suspended the permit. The plaintiff sought either an injunction or damages. The court held that the county owed a duty of reasonable care to the permittee.

Similar rulings have been made by New York courts. In *Sextone* v. *City of Rochester*, 32 A.D. 737, 301 N.Y.S.2d 887 (1969), the court held that the plaintiff purchaser had a right to rely upon a certificate of occupancy issued by the city and that the city had a duty to issue it in a careful manner. As the issuance did not involve discretion, the municipality would be liable for a wrongful issuance. In *Gordon* v. *Hart*, 65 A.D.344, 412 N.Y.S.2d 534 (1979), *app. den.* 419 N.Y.S.2d 1026 (1979), the city was held liable for the wrongful issuance of a certificate of occupancy. The court held that while there was no obligation to issue the certificate simply because it was requested, there was a duty to issue it with reasonable care once the city undertook to make an inspection.

Both of the foregoing cases were cited with approval in *Weese* v. *Village of Medina*, 83 A.D.2d 989, 443 N.Y.S.2d 529 (1981). In *Weese* the plaintiffs asked the zoning and code enforcement officer to verify the existence of a sewer adjacent to the property they were interested in purchasing. They were told that the sewer existed and were issued a permit. Later it was discovered that the sewer did not exist. The trial court dismissed the complaint for failure to state a cause of action, stating that the employee had no duty to use reasonable care. The appellate court reversed,

holding that while the municipality may not be required to provide a function just because it is requested, once it voluntarily undertakes such function, the municipality must act with due care.

Accordingly, the Court is of the opinion that in the performance of his ministerial function of approving the plot plan and certifying that the zoning requirements were in order, Mr. Moore had a duty to use reasonable care. If he is negligent and the plaintiffs sustain damage as a proximate result, and the plaintiffs are free from contributory negligence, they may recover against him.

Finally, in Count I the plaintiffs seek recovery for "mental and emotional pain, suffering and anguish." It is the opinion of the Court that they have no right to recover for these claims in this case. In *City of Richmond* v. *Wright*, 151 Va. 964 (1928), the court held that in the absence of a willful wrong or personal injury the plaintiff may not recover for mental suffering resulting from damage to his property. The general rule is that mental anguish and suffering resulting from mere negligence, unaccompanied by injuries to the person, cannot be made the basis of an action for damages. The Virginia Supreme Court has held that where conduct is merely negligent, not willful, wanton or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. *Hughes* v. *Moore*, 214 Va. 27 (1973).

In this case the plaintiffs have not alleged a physical injury, nor have they alleged that Mr. Moore acted in a willful, wanton or vindictive manner. Therefore, the plaintiffs may not recover for mental anguish or suffering.