Argued and submitted January 4, affirmed October 12, 1994, petition for review
denied January 24, 1995 (320 Or 507)

Robert OTTERNESS
and Vicki Otterness,
*Appellants,*

*v.*

CITY OF WALDPORT,
a municipal corporation,
*Respondent.*

(91-5623; CA A78826)

883 P2d 228

David C. Force argued the cause and filed the briefs for appellants.

Robert E. Franz, Jr., argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal a judgment dismissing their complaint for failure to state a claim. We affirm.

In reviewing a dismissal for failure to state a claim, "we consider as true the facts alleged and all reasonable inferences that may be drawn therefrom," *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992), and ignore allegations that contain mere conclusions of law. *Porter v. Hill*, 314 Or 86, 97, 838 P2d 45 (1992); *Messmer v. Carter/Bonded Credit Co.*, 282 Or 323, 326, 578 P2d 788 (1978).

Plaintiffs' amended complaint alleges:

"2.  * * * At all material times, Defendant had duties under the laws of the State of Oregon to enforce within its corporate limits the Uniform Building Code of the State of Oregon, and employed as its Building Official for that purpose one, Elwin Hargis, to whom it delegated and appointed all rights and duties of the said office. * * *

"3.  On or about February 27, 1989, Plaintiffs duly and properly applied to Defendant's Building Department for a Building Permit, for the construction of a new home to be located at 1120 Norwood Heights in the City of Waldport, and paid to Defendant at that time the sum of $608.60, for the processing of said application. Upon acceptance of the said fees and application, Defendant assumed duties pursuant to law, including:

"(a)  To inspect all plans and blueprints for the said home for compliance with the Uniform Building Code of the State of Oregon and all municipal ordinances;

"(b)  To inspect the construction and erection of the said home at reasonable intervals and as specified by the uniform building code after notice of request for such inspections, including final inspection and reinspection after occupancy prior to project completion, for compliance with the Code and all municipal ordinances and for conformance between the plans and blueprints therefor with actual construction performed; and

"(c)  To issue no certificate of completion or of occupancy for the said construction until and unless the construction complied with the Uniform Building Code and all approved plans and specifications.

"At all material times, Plaintiffs were within that class of persons sought and intended to be protected by the said legal duties owned and assumed by Defendant.

"Acceptance of said fee by Defendant as aforesaid represented acceptance by Defendant of consideration for an implied contract by Defendant to perform all such duties pursuant to the laws of the State of Oregon.

### "FIRST CLAIM FOR RELIEF

"(Claim in Tort for Violation of Legal Duties)

"4.   From on or about March 1, 1989, * * * Defendant breached each and all of its statutory duties as alleged in paragraph 3 hereinabove. * * *

"5.   As a consequence of the said breaches of legal duties owed to Plaintiffs by Defendant, Plaintiffs have been caused to suffer [economic and non-economic damages] * * *.

"* * * * *

### "SECOND CLAIM FOR RELIEF

"(Claim in Tort for Outrageous Conduct)

"* * * * *

"7.   From on or about March 1, 1989, * * * Defendant has recklessly caused Plaintiffs * * * to suffer extreme emotional distress by conduct that is outrageous in the extreme and beyond the bounds of toleration, to their non-economic damage * * *.

### "THIRD CLAIM FOR RELIEF

"(Claim in Implied Contract)

"8.   From on or about March 1, 1989, * * * Defendant has breached and is breaching its implied contract as alleged hereinabove to Plaintiffs' consequential damage * * *."

Defendant moved to dismiss plaintiffs' complaint pursuant to ORCP 21A(8). The trial court granted that motion and entered judgment for defendant. On appeal, plaintiffs assign error to the trial court's dismissal of the complaint. According to plaintiffs, their complaint contains allegations sufficient to state a claim on each of the three claims alleged. Defendant argues that the trial court did not err, because the complaint contains mere legal conclusions unsupported by factual allegations sufficient to satisfy the elements of each of the three claims. We agree with defendant.

■    We first address plaintiffs' claim framed as one for "statutory tort." The violation of a statute may give rise to liability if it is established that the statute grants to plaintiff

> "as a member of the class the statute is designed to protect, the right to recover damages if noncompliance with the statute results in harm of the kind the statute was designed to prevent." *Dunlap v. Dickson*, 307 Or 175, 179, 765 P2d 203 (1988).

Thus, to state a claim in statutory tort, a complaint must contain allegations of facts that, if proved, would establish (1) that the plaintiff is a member of the class the statute is designed to protect, (2) that his or her injuries are the kind the statute was designed to prevent, and (3) that the defendant has, in fact, violated that statute. *Praegitzer Industries v. Rollins Burdick Hunter*, 129 Or App 628, 632, 880 P2d 479 (1994).

■    Plaintiffs' complaint does not allege any such facts. At the outset, we note that the complaint does not even allege which statute supposedly provides the basis for the claim, beyond the vague reference to a "Uniform Building Code." The statute relating to building code administration provides that the State Building Code Administrator may adopt a variety of "specialty code[s]" that comprise the "state building code," ORS 455.010(7) and (8). However, there is no way to tell from the allegations of plaintiffs' complaint generally, much less precisely, what code provisions are being referred to, or whether they were adopted by the Building Code Administrator, or whether they even apply to the type of structure referred to in plaintiffs' complaint.

At oral argument to the trial court, counsel for plaintiffs said that the complaint was intended to refer to section 305 of the 1985 version of the Uniform Building Code, which provides:

> "(a)    All construction or work for which a permit is required shall be subject to inspection by the building official, and certain types of construction shall have continuous inspection by special inspectors * * *.
>
> "* * * * *
>
> "(b)    It shall be the duty of the person doing the work authorized by a permit to notify the building official that such work is ready for inspection. The building official may

require that every request for inspection be filed at least one working day before such inspection is desired. Such request may be in writing * * *.

"It shall be the duty of the person requesting inspections required by this code to provide access to and means for proper inspection of such work.

"* * * * *

"(d) Work shall not be done on any part of the building or structure beyond the point indicated in each successive inspection without first obtaining the approval of the building official. Such approval shall be given only after an inspection has been made on each successive step in the construction * * *.

"There shall be a final inspection and approval on all buildings and structures when completed and ready for occupancy or use."

Assuming for the sake of argument that the complaint adequately alleges that section 305 of the 1985 version of the Uniform Building Code forms the basis for the claim, the complaint still fails to state ultimate facts sufficient to constitute a claim.

First, sections 305(a) and (b) provide that a precondition to the existence of any duties on the part of building officials is proper notification by the person requesting the inspection. The complaint nowhere alleges that plaintiffs provided that notification or that they acted in any other way that triggered the duties that they claim defendant violated.

Second, plaintiffs allege no facts in support of their bald legal conclusion that defendant violated the Uniform Building Code. The complaint leaves to utter speculation what it is that defendant did that constituted a breach of its duties under the code. Plaintiffs state the legal conclusion that defendant breached a duty to inspect plans or blueprints, but they do not allege that they presented to defendant any blueprints to inspect, or that defendant, in fact, failed to inspect them, or that the blueprints did not comply with the requirements of the Uniform Building Code. Similarly, plaintiffs state the conclusion that defendant breached its duty to inspect for compliance with the Uniform Building Code, but they do not allege whether defendant failed to inspect the home, or whether defendant failed to discover that the home

did not comply with the code, or whether the home even failed to comply with the code. They also state the conclusion that defendant breached its duty to refuse to issue a certificate of completion until construction complied with the code, but they fail to allege whether defendant—or anyone—issued a certificate of completion, or that the home failed to comply with the code.

Plaintiffs insist that their allegations are sufficient, citing *Dykeman v. State*, 39 Or App 629, 593 P2d 1183 (1979). In that case, we reversed the dismissal of a complaint against the state for negligently issuing a building permit. 39 Or App at 637. The plaintiff's complaint, however, alleged the *facts* that are missing in this case. For example, the complaint alleged that the plaintiff had submitted an application to the state for inspection and that the state issued a permit when it should not have done so. There is no such allegation in this case. The trial court did not err in dismissing plaintiffs' statutory tort claim.

■ We next address plaintiffs' claim for what they call "outrageous conduct." We understand the allegations to be intended to state a claim for intentional infliction of emotional distress. To state a claim for that tort, a complaint must allege facts that, if proven, would establish that defendant engaged in conduct that consists of "some extraordinary transgression of the bounds of socially tolerable conduct" or that exceeds "any reasonable limit of social toleration." *Hall v. The May Dept. Stores*, 292 Or 131, 135, 137, 637 P2d 126 (1981). The complaint also must allege that defendant's conduct, in fact, caused emotional distress and that defendant either intended to cause plaintiffs emotional distress or that defendant recklessly caused such distress when defendant and plaintiffs have a "special relationship" that imposes on defendant a duty to avoid even recklessly subjecting plaintiffs to emotional distress. *Hammond v. Central Lane Communications Center*, 312 Or 17, 27, 816 P2d 593 (1991).

■ Plaintiffs' complaint alleges that defendant "recklessly caused Plaintiffs, and each of them, to suffer extreme emotional distress." Beyond that, however, there are no factual allegations to support the claim. On the basis of what

is alleged in the complaint, it is simply impossible to determine whether defendant's conduct was, in fact, an "extraordinary transgression of the bounds of socially tolerable conduct" or that it exceeded "any reasonable limit of social toleration," *Hall v. The May Dept. Stores, supra,* 292 Or at 135, 137, because the complaint does not allege what defendant's conduct was. The trial court did not err in dismissing plaintiffs' claim for intentional infliction of emotional distress.

■ We finally address plaintiffs' third claim, that defendant breached an implied contract with plaintiffs. At oral argument, plaintiffs' counsel indicated that plaintiffs submitted that claim on the theory that the contract alleged was implied in fact, and not on the theory that it was implied in law. A contract implied in fact arises "only where the natural and just interpretation of the acts of the parties warrants such conclusion." *Owen v. Bradley,* 231 Or 94, 103, 371 P2d 966 (1962).

The only allegation in plaintiffs' complaint concerning its breach of contract claim is that "[d]efendant has breached and is breaching its implied contract as alleged hereinabove." Even assuming for the sake of argument that that allegation incorporates others in the complaint, there remains a complete absence of allegations describing the "acts of the parties" that warrant the conclusion that a contract was intended. *Owen v. Bradley, supra,* 231 Or at 103. There are no allegations as to anyone's acts in plaintiffs' complaint, beyond plaintiffs' payment of $608.60 to defendant to process its application. There is no allegation that defendant did not process that application, or that defendant did any other act that constituted a breach of the supposed agreement. The trial court did not err in dismissing plaintiffs' third claim.

Affirmed.